

Seth D. Weinberg, Esq.

450 Seventh Ave, Suite 1408
New York, NY 10123
T. 212.643.6677
F. 347.491.4048
sweinberg@hasbanilight.com

October 22, 2020

**VIA EMAIL CM/ECF**
Hon. Magistrate Judge Cheryl L. Pollack
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

>   RE:   *Windward Bora LLC v. Stuyvesant Construction Corp et al.,*
>         Case No.: 19-cv-7275(DLI)(CLP)
>         Response To Stuyvesant Construction Corp.'s Request For A Pre-Motion Conference Pursuant To FRCP Rule 11 And FRCP Rule 37

Dear Magistrate Judge Pollack,

We represent the Plaintiff, Windward Bora LLC ("Windward Bora" or "Plaintiff") in the above referenced matter. We write in response to the letter filed on October 19, 2020 by Stuyvesant Construction Corp. ("Defendant") requesting a pre-motion conference pursuant to FRCP Rule 11 and FRCP Rule 37 ("Defendant's Letter"). *See* ECF Dkt. No.: 30. Defendant is not entitled to relief pursuant to either FRCP Rule 11 and FRCP Rule 37.

   I.   **Factual and Procedural History**

Pursuant to the Minute Entry on March 9, 2020, the parties were ordered to exchange written discovery requests by March 23, 2020 and serve responses by April 24, 2020. *See* Minute Entry Entered March 9, 2020. As a result of the stay at home orders issued in response to the COVID-19 global pandemic, Plaintiff requested an extension of time from opposing counsel in order to obtain and produce the requested information. Disregarding the public health emergency, opposing counsel refused to consent to such an extension of time and Plaintiff's counsel was forced to seek such an extension via motion. *See* ECF Dkt. No.: 12. This Court granted Plaintiff's request for an extension of time to comply and extended Plaintiff's time to respond until May 25, 2020. *See* Electronic Order dated April 29, 2020.

On May 21, 2020, in compliance with this Electronic Order, Plaintiff served its Responses and Objections to Defendant's First Set of Interrogatories and its Responses and Objections to Defendant's First Set of Document Demands. On the June 11, 2020, the Court conducted a telephonic conference. *See* Minute Entry dated June 15, 2020. The parties advised the Court that counsel would conference regarding Defendant's "good faith letter" and possible settlement of this action. On June 16, 2020, counsel for the parties had a conference call at which time they decided they would attempt to resolve the action, and if they could not resolve, Plaintiff would endeavor to supply Defendant with additional documentation to prove Plaintiff's subject matter jurisdiction.

Plaintiff was not provided that opportunity. On June 24, 2020, Defendant's counsel e-mailed counsel for Plaintiff a nominal offer of settlement. On June 25, 2020, before Plaintiff had the chance to respond to the offer and engage in negotiations, Defendant filed a Motion to Compel Discovery in bad faith. *See* ECF Dkt. No.: 17. By its Electronic Order dated July 6, 2020, this Court provided Plaintiff with until July 14, 2020 to respond to the outstanding discovery issues.

Plaintiff filed a timely response requesting and extension of time. *See* ECF Dkt No.: 20. Plaintiff explained that its difficulty in compiling responsive documentation stemmed directly from the COVID-19 pandemic and the challenges faced while its offices were closed and working remotely, and also, the delays attributable in the State of Florida, where Plaintiff's sole member, Yonel Devico, resides. *See id.*

On October 1, 2020, Defendant's counsel sought a conference with this Court to discuss the discovery dispute. *See* ECF Dkt No.: 26. This Court conducted the requested conference on October 7, 2020. *See* ECF Dkt No.: 29. This Court issued an order (the "Discovery Order") directing the Plaintiff to serve any supplemental responses on or before October 16, 2020. *See id.* The Court stated that any document's not produced by that time would be precluded, unless for good cause shown. *See id.* On October 16, 2020, Plaintiff complied with the Discovery Order by servicing its Amended Responses. On the next business day, October 19, 2020, Defendant filed its letter requesting a pre-motion conference for sanctions.

## II.     Legal Standards

A party seeking sanctions must serve a Rule 11 letter on the opposing party at least twenty-one days before filing the motion with the district court, and sanctions may be sought only if the challenged pleading is not withdrawn or corrected within twenty-one days after service of the motion. *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 389 (4th Cir. 2004). The motion must not be filed with the Court if the opposing party withdraws or appropriately corrects factual or legal contentions at issue in the Rule 11 notice to avoid sanctions. Fed.R.Civ.P. 11(c)(2).

Sanctions are a drastic remedy and "must be imposed carefully, lest they chill the creativity essential to the evolution of the law." *Abra Const. Corp. v. Greco*, 230 F.R.D. 385, 386 (. 2005); *G–I Holdings, Inc. v. Baron & Budd*, 2002 WL 1934004, at *12 (S.D.N.Y. Aug. 21, 2002) (citation omitted). The Court may exercise its discretion in deciding whether to sanction a party. Rule 11(c). "When considering a Rule 11 motion, all doubts must be resolved in favor of the signer of the pleading." *Carlton Group, Ltd. v. Tobin*, No. 02 Civ.5065, 2003 WL 21782650, 7 (S.D.N.Y 2003).

Rule 37(b) provides for sanctions against parties who unjustifiably resist discovery. *See* Fed.R.Civ.P. 37 Advisory Committee Notes. Courts impose such sanctions as disciplinary measures to ensure that a party will not benefit from its own failure to comply with discovery. *See Update Art, Inc. v. Modiin Pub., Ltd.,* 843 F.2d 67, 71 (2d Cir.1988). Additionally, sanctions under Rule 37(b) are intended to act as a specific deterrent against the party at fault in order to facilitate compliance with particular orders and as a general deterrent against other parties in future litigation.  *See National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639 (1976). The Court is to analyze the degree to which the offending party failed to comply with discovery,

the importance of the information withheld and the extent of the prejudice occasioned by the delay all bear on a court's determination of whether to impose sanctions. *See Litton Systems, Inc. v. American Telephone and Telegraph, Co.,* 91 F.R.D. 574, 576 (S.D.N.Y.1981), *aff'd* 700 F.2d 785 (2d Cir.1983); *see also Quadrozzi v. City of New York,* 127 F.R.D. 63, 74 (S.D.N.Y. 1989)

### III. Plaintiff Is Able to Establish Its *Prima Facie* Case to Foreclose

Defendant incorrectly argues that this Court should sanction Plaintiff. *See* Defendant's Letter, Page 2. Specifically, Defendant incorrectly argues that sanctions are appropriate because Plaintiff has allegedly been "pretending for months" that it could make a *prima facie* case to foreclosure, "when it cannot" in order to delay its discovery responses. This is simply not accurate. The documentation produced by Plaintiff established the date of default under the Loan. The documentation produced by Ocwen Financial Corporation further corroborates the default thereunder. Notably, Defendant is not the borrower of the loan being foreclosed, but it is merely the owner of the property by virtue of a no-consideration deed.

In an action to foreclose a residential mortgage under New York law, "the lender must prove...the existence of an obligation secured by a mortgage, and a default on that obligation." *R.B. Ventures, Ltd. v. Shane,* 112 F.3d 54, 59 n.2 (2d Cir. 1997); *see also, E. Sav. Bank, FSB v. Ferro,* No. 13-CV-5882, 2015 WL 778345, at *6 (E.D.N.Y. Feb 24, 2015).; *CIT Bank, N.A. v. Neris,* 385 F.Supp 241, 244 (S.D.N.Y. 2019). Applying this standard, courts in this Circuit have found that "summary judgment in a mortgage foreclosure action is appropriate where the Note and the Mortgage are produced to the Court along with proof that the Mortgagor failed to make payments due under the Note." *See Neris,* 385 F.Supp 241, 244 (S.D.N.Y. 2019).

The Supreme Court of the United States has ruled that a party can rely on discovery responses to prove a factual dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 328 (1986). The New York Southern District has also ruled a moving party can rely on the unsworn records of the opposing party to support its motion. *See Jalloh v. Wendel*, 2008 WL 11397904, 2 (S.D.N.Y 2008) citing to *Torres v. Micheletti*, 208 A.D.2d 519 (2d Dept 1994).

Here, Plaintiff consistently explained that its difficulty in compiling responsive documentation stemmed directly from the COVID-19 pandemic. Plaintiff's counsel, The Margolin & Weinreb Law Group, LLP, offices were closed with attorneys working remotely because of various stay at home orders. Additionally, Plaintiff's sole member, Yonel Devico, resides in Florida, which has been a documented hot-bed of activity for the transmission of the COVID-19 virus.

Plaintiff complied with the Discovery Order issued by this Court. Plaintiff produced the loan information record provided by RCS Recovery Services to Plaintiff at the time of the sale of the underlying loan to Plaintiff. A copy of this record is annexed hereto as **Exhibit A**. That record establishes that as of the date of the sale of the underlying note to Plaintiff, the borrower had not tendered payment on the loan since 2008. Accordingly, Plaintiff can establish the date of default and Defendant's request for sanctions is completely overly zealous and frivolous.

In addition to Plaintiff's own production, the documents provided by Ocwen Financial Corporation in response to the subpoena confirm that the loan has been in default since August 2008. A copy of this payment history is annexed hereto, under seal, as **Exhibit B**.

Therefore, Defendant's accusation that Plaintiff cannot establish its *prima facie* case fails because Plaintiff established the existence of the loan by attaching copies of the note and the mortgage to its complaint. *See* ECF DKT. No.: 1. Plaintiff establishes the default there under through the produced loan information record provided by RCS Recovery Services to Plaintiff and the Ocwen Payment history.

### IV.   Plaintiff Produced All Documentation Within Its Possession

Despite the fact that Plaintiff has produced all responsive documentation within in possession, Defendant seeks a court order compelling Plaintiff to supplement its responses. Specifically:

> Concerning Document Demand Nos.: 6 and 7, Plaintiff provided the loan information record from by RCS Recovery Services that was within its possession from the time of the sale of the underlying loan to Plaintiff. *See* **Exhibit A**.

> Concerning Interrogatory Response No.: 3, Defendant is requesting a legal conclusion as to what constitutes acquiring a loan. Plaintiff provided the date of its physical possession of the endorsed note in Interrogatory Response No.: 3.

> Concerning Document Demand No.: 18, Plaintiff provided a copy of its Operating Agreement. *See* **Exhibit A.**

> Concerning Document Demand Nos.: 30, 31, 32, 33, 34, 36, and 39, Plaintiff provided significant documentary evidence establishing Yonel Devico's residence in Miami Beach, Florida. *See* **Exhibit A.**

### V.   Conclusion

This Court has already ordered that Plaintiff will be precluded from offering additional evidence from its own records pursuant to Fed. R. Civ. P 37(b)(2)(A)(ii). As stated above, the delay in production was the result of the ongoing global health emergency, and Plaintiff complied with the Court's October Discovery Order. Plaintiff provided all documentation within its possession and simply cannot produce what is not currently in its possession. Plaintiff respectfully reserves the right to issue additional subpoenas, if necessary.

Thank you for your time and attention to this matter.

Respectfully,

*/s/ Seth D. Weinberg*

cc: **<u>VIA CM/ECF</u>**
Richland & Falkowski, PLLC
Daniel H. Richland, Esq.
*Counsel for Defendant Stuyvesant Construction Corp*
5 Fairlawn Drive, Ste 204
Washingtonville, New York 10092
drichland@rflegal.net