# RICHLAND & FALKOWSKI, PLLC
### ATTORNEYS AT LAW

| QUEENS COUNTY OFFICE: | ORANGE COUNTY OFFICE: | PHONE: (212) 390-8872 |
|---|---|---|
| 35-37 36TH STREET, 2ND FLOOR | 5 FAIRLAWN DRIVE, SUITE 204 | FAX:     (212) 390-8873 |
| ASTORIA, NY 11106 | WASHINGTONVILLE, NY 10992 | EMAIL: drichland@rflegal.net |

January 26, 2021

Via Electronic Filing
Hon. Magistrate Judge Cheryl L. Pollack
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

RE:   *Windward Bora LLC v. Stuyvesant Construction Corp.*,
Docket No.: 19-cv-7275(DLI)(CLP)
**Request for a Rule 37(d) Pre-Motion Conference**

Dear Magistrate Judge Pollack:

As you know, I represent the Defendant Stuyvesant Construction Corp. ("Defendant") with respect to the above referenced action. On Friday, January 22, 2021, at 10:00 am, Yonel Devico ("Devico"), Plaintiff's alleged sole member, was supposed to be deposed in this action. On Thursday, January 21, 2021, at 3:10 pm, Plaintiff's counsel unilaterally cancelled his deposition and Viktoriya Zavelina's scheduled Monday deposition for no disclosed reason. **Exhibit A.** At that time, Plaintiff's counsel promised to schedule a new date. **Exhibit B.** Plaintiff's counsel advised me today that the reason for the cancellation was an alleged conflict of interest by my firm in an unrelated action and now want to move in this Court to disqualify my firm. **Exhibit C.** Plaintiff's assertion of a conflict of interest is groundless and "asserted" to delay discovery in this action, again. At Devico's deposition, I intended to confront Devico with his contradictory sworn statements in this action and the related action in Florida relating to the July 18, 2015 assignment of mortgage. Plaintiff, clearly aware of Devico's false affidavit and its rippling effect on Plaintiff's other and sundry cases, has thus cancelled his scheduled deposition upon less than twenty-four hours notice, has refused to reschedule, and now wants to frivolously move to disqualify me in order to "buy time." This cannot be permitted and, instead, this Court should strike the Plaintiff's Complaint, with prejudice, pursuant to FRCP Rule 37 and sanction Plaintiff and its counsels.

Devico's false affidavit is both material to the issues in this action and facially apparent. As has been raised throughout this litigation, Plaintiff recorded an Assignment of Mortgage, dated July 18, 2015, which predates Plaintiff's formation in 2017. *See, e.g.* ECF Dkt. No. 17; ECF Dkt. No. 10 (Third Affirmative Defense). In Plaintiff's Interrogatory Response No. 4, Plaintiff averred that it obtained physical possession of the Note and Mortgage on September 20, 2019. **Exhibit D.** In *Windward Bora LLC v. Zavelina*, Case No.: 2020-007661-CA-01, Eleventh

Circuit Court, Florida ("Florida Action"), Devico interposed[1] a clearly false affidavit asserting that Plaintiff has been in possession of the Note and Mortgage since July 18, 2015, to delay jurisdictional dismissal and obtain discovery in the Florida Action. **Exhibit E ¶ 4.** Obviously, Devico's December 28, 2020 affidavit is facially false: Plaintiff could not be in physical possession of the Note and Mortgage more than two years prior to its formation. **Exhibit D**, Response No. 2. Devico's submission of a false, sworn affidavit about a material, litigated fact of this action led me to eagerly anticipate Devico's deposition. *Nipkow & Kobelt, Inc., Parliament Textile Div. v. North River Ins. Co.*, 673 F.Supp. 1185, 1187 (SDNY 1987); **Exhibit F.**

This falsity follows Plaintiff's grossly dilatory conduct with respect to discovery in this case, commencing with Plaintiff's original discovery responses due April 2020, but not produced until May 21, 2020. Those responses were patently inadequate and punctuated by Plaintiff's broken promises to supplement and amend. Having failed to do that by October 2020, and after several letters to the Court, this Court, more than five months later, gave Plaintiff a final opportunity to amend, resulting in a preclusion order. **Order Docketed 10/20/20.** Since that date, I have been waiting for Plaintiff to further amend its Interrogatories, as Plaintiff gave me more detailed interrogatories in *Windward Bora LLC v. Barrie,* 19-cv-07272. Plaintiff ultimately did not do so. Devico's deposition was the final step before Defendant moves for summary judgment on its various affirmative defenses. As is clear from the record in this case, there is no possible dispute that Plaintiff is unable to *prima facie* establish a default, deny that the loan was charged off, or deny that Plaintiff did not seek to revoke that charge off for more than a decade, resulting in waiver and estoppel precluding this action. On top of these issues, Plaintiff added, as shown above, false, material testimony by its principal witness, Yonel Devico. As a result, I believe it will be impossible for Plaintiff to make a *prima facie* showing in this case on summary judgment or at trial.

Plaintiff's disrespect and contempt for process is hardly confined to this action. On January 8, 2021, Judge Irizarry stated, in an Order, "The Court will no longer tolerate this pattern of Plaintiff being partially or wholly unresponsive to Court orders to suit its purposes and sanctions may be imposed in the future if such conduct persists." **Exhibit G.** Plaintiff's discovery abuses and refusal to cooperate are part of a larger pattern of Plaintiff's foreclosing without proper documentation. When called out, Plaintiff refuses to cooperate (*id.*), commences further frivolous actions (Florida Action), or makes false statements[2]. **Exhibit E.**

For these reasons, Devico will never actually sit for a deposition in this case. Plaintiff will simply manufacture new reasons Devico cannot or will not be deposed. Plaintiff, for example, refused to set a deposition date because of a dispute over translators. Ms. Zavelina is a Russian immigrant to the United States. When discussing depositions, I told Plaintiff that she needed a Russian translator. Plaintiff then frivolously demanded Defendant pay for a French interpreter for Devico, even though, during a mediation in *Barrie,* Devico made a lengthy and

---

[1] I am *pro hac vice* in the Florida Action.
[2] The December 28, 2020 affidavit is not the only instance of false testimony by Devico.

long-winded monologue, in English, and has numerous interviews on YouTube touting his great business acumen and wealth, in English: the Jay Young Show, Episode 69, on October 1, 2020[3], or REDinNYC on July 19, 2020[4], or "The Key to Underwriting your Real Estate Deals with Yonel Devico" on June 22, 2020[5], or "The Path to 100m AUM & Beyond" on June 12, 2020[6], and "Finding the Right Business Influences with Yonel Devico" on June 15, 2020[7]. Plaintiff next suggested my client be asked questions in Russian by a Russian speaking attorney, which I likewise rejected. And, only after I pointed out Devico's numerous web videos, in English, would Plaintiff agree to actually set Devico's deposition which, unsurprisingly, Devico cancelled at the last moment for no reason. Plaintiff's clear purpose has been to delay Devico's deposition.

Plaintiff's newest tactic is threatening disqualification and thus lengthy motion practice, to delay the deposition and the ultimate disposition of this action. The source of this claim is *BCMB1 Trust v. Rosario*, bearing Index No.: EF004711/2020 and commenced in the Orange County Supreme Court ("Rosario Action"). My firm commenced the Rosario Action, a mortgage foreclosure action, on behalf of a different client and its servicer. Crosby Capital USA ("Crosby") purchased the Note and Mortgage underlying the Rosario Action, in September 2020, *after commencement*, from my other client and, on November 30, 2020, asked my firm to continue its existing representation. Effectively, my firm "inherited" Crosby as a client through its acquisition of the Note and Mortgage in the Rosario Action, an action for which my firm was already the attorney of record for the Plaintiff, and which, as a New York State mortgage foreclosure action, effectively places certain burdens upon *counsel* of record, rather than on the plaintiff. *See, e.g.* NY CPLR § 3408(a) (specifying duty of plaintiff to file proof of service and request a foreclosure conference, which, in an efiled case cannot be filed by the plaintiff directly).

This argument is clearly tactical and made in bad faith. Crosby allegedly purchased the Note and Mortgage in *September 2020.* Crosby then asked my firm to continue the Rosario Action on November 30, 2020. On Tuesday, January 19, 2021, I scheduled Devico's deposition with Plaintiff's counsel. **Exhibit H.** The next day, my firm sent Crosby a proposed retainer agreement[8] and Consent and Waiver. **Exhibit I; Exhibit J.** On Thursday, Plaintiff canceled the deposition for no stated reason. **Exhibit A.** On Monday, January 25, 2021, Plaintiff's counsel raised the "conflict" for the first time. **Exhibit C.** Needless to say, I find the timing suggestive that Plaintiff's true purpose was scheduling a deposition only to cancel it to foment further delay.

---

[3] (1025) The Jay Young Show Episode 69 | Yonel Devico - YouTube
[4] (1025) REDinNYC interview with Rachael Grochowski snd Yonel Devico - YouTube
[5] (1025) The Key to Underwriting your Real Estate Deals with Yonel Devico - YouTube
[6] (1025) The Path to 100m AUM & Beyond with Yonel Devico - YouTube
[7] (1025) Finding the Right Business influences with Yonel Devico - YouTube
[8] Contrary to our usual practice, this retainer is NOT pre-signed because, if Crosby retained us, we still needed to get written waivers from our existing clients referenced in the Consent and Waiver. However, I and my partner spoke to all three of the existing clients who orally expressed their consent to the possible retention and indicated that they would sign a subsequent Consent and Waiver. If they decided, when reading the Consent and Waiver, not to consent, we would have declined the representation of Crosby.

In addition, the "disqualification" is bedeviled by numerous factual problems. First, my firm was never and has never been retained by Crosby, Plaintiff, or Devico. As noted above, Crosby was sent a retainer and Consent and Waiver on Wednesday, January 20, 2021 for the Rosario Action. Crosby never returned it, never signed it, and, thus, never retained my firm for the Rosario Action or any other matter. I would note that I also declined any representation of Crosby in the Rosario Action or any other matter on January 25, 2021. **Exhibit K**. Hence, it is my position that neither Crosby, Plaintiff, or Devico have ever been my client.

I would note that, as a matter of fact, my firm performed no work for Crosby in the Rosario Action and has billed no fees. There have been no filings in that action since October 9, 2020, and my firm has made no filings in that action since September 11, 2020, when we filed a Request for Judicial Intervention for a foreclosure conference as required by NY CPLR § 3408(a). The only information we have provided to Crosby and/or Devico is the status of the case. And, critically, Crosby provided no information to my firm. Simply put, we have not performed substantive work to Crosby, Devico, or Plaintiff in connection with the Rosario Action as we were not and have not been retained.

A second problem it that Plaintiff is not Crosby is not Devico. *Murray v. Metro. Life Ins. Co.*, 583 F.3d 173, 177 (2nd Cir. 2009) ("It is well-settled that outside counsel to a corporation represents the *corporation*, not its shareholders or other constituents"). As I understand it, Devico, an individual, is the alleged sole member of Plaintiff. I further understand that Devico is the "founder" of Crosby. But Crosby and Plaintiff, as business entities, have a separate legal existence to Devico. *Baccash v. Sayegh*, 53 A.D.3d 636, 639 (2nd Dept. 2008). Hence, even if I had been retained by *Crosby*, that would not create a conflict of interest with Plaintiff, as separate business entities. *Araujo v. Macaire*, 16-cv-9934 (SDNY September 7, 2018) (J. Fox); *Intellipayment, LLC v. Trimarco*, 15-cv-01566 (EDNY March 29, 2016) (J. Bianco).

Third, the Rosario Action could never have posed a conflict to *Plaintiff*. Courts in the Second Circuit disqualify attorneys "only in essentially two kinds of cases: (1) where an attorney's conflict of interests…undermines the court's confidence in the vigor of the attorney's representation of his client, or more commonly (2) where the attorney is at least potentially in a position to use privileged information concerning the other side through prior representation…" *Board of Education v. Nyquist*, 590 F.2d 1241, 1246 (2nd Cir. 1979). The first category roughly lines up with "concurrent" representation claims; the second category with "successive" representation claims. *Akagi v. Turin Hous. Dev. Fund Co.*, 13-cv-5258 (SDNY March 22, 2017) (J. Failla). The Rosario Action presents neither circumstance.

As the present facts demonstrate, Plaintiff is refusing to be deposed because of a theoretical disqualification claim in order to evade a discovery obligation, i.e. to be deposed, and to avoid discussing Devico's perjury. I think it apparent that Plaintiff is seeking disqualification precisely because of my "vigor" in representing Defendant. Given the contentiousness of this litigation, I also highly doubt that this Court has any concerns about the vigor of my representation of Defendant.

Fourthly, there can be no serious suggestion that Plaintiff has somehow "passed" confidential information to me regarding this matter. I have never spoken to Devico or anyone else at Crosby regarding this matter without the presence of Plaintiff's counsel. Even if I had handled the Rosario Action for Crosby, that would not have given me confidential information about this matter.

At most, Crosby was a prospective client about an already pending matter, the Rosario Action. Certainly, it would be improper for me to represent a defendant in the Rosario Action and I have no intention of doing so. But the Rosario Action has no connection to the subject matter of this action.

Personally, I believe Crosby bought the Rosario note and mortgage in order to create this "conflict." They knew that I was handling the action, commenced on August 26,2020, when they purchased the note and mortgage in **_September 2020_**, asked my firm to handle it on November 30, 2020, and did not raise a "conflict" until they received a proposed retainer agreement and Consent and Waiver on January 20, 2021. If I *had* been retained, the Consent and Waiver my firm required would have mooted the very "conflict" argument Plaintiff avers. **Exhibit J**. Hence, Plaintiff had to prematurely make this false assertion now, prior to retention, and prior to waiving the very "conflict" Plaintiff now conclusorily claims exists.

At this juncture, I think it is apparent that Plaintiff has no intention of ever sitting for a deposition. Plaintiff has evidenced a complete disregard for the orders of this Court, as evidenced by the multiple prior motions to compel. The discovery production that has been made completely fails to substantiate a "default," Plaintiff has now unilaterally cancelled a deposition on less than twenty-four hours notice for no reason, and now refuses to reschedule due to a bogus and manufactured "conflict." In *Griggs v. Weiner*, Your Honor determined that the plaintiffs' motion for sanctions should be granted and the intervenor's claims be dismissed with prejudice due to a failure to sit for a deposition, after repeated failures to comply with discovery. 13-cv-3885(EDNY July 10, 2020). That is the proper result here. This action should be immediately dismissed pursuant to FRCP 37 due to Plaintiff's failure to sit for a deposition and in light of the Plaintiff's pattern of refusing to engage in discovery.

Very truly yours,

Daniel H. Richland, Esq.