UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
WINDWARD BORA LLC,                                                                         19-cv-7275-DLI-CLP

                                           Plaintiff,

              -against-

STUYVESANT CONSTRUCTION CORP.; HSBC BANK
USA NATIONAL ASSOCIATION,
                                        Defendant(s).
-------------------------------------------------------------------------X

## PLAINTIFF'S AMENDED RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

Plaintiff Windward Bora LLC ("Plaintiff" or "Windward"), by and through its attorneys, and pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure and the Local Rules of this Court, responds and objects to Defendant Stuyvesant Construction Corp.'s ("Defendant") First Set of Interrogatories as follows:

## PRELIMINARY STATEMENT

1. Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

2. By making the accompanying responses and objections to Defendant's requests for documents and interrogatory, Plaintiff does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Plaintiff makes the responses and objections herein without in any way implying that it considers the requests and

interrogatory, and responses to the requests and interrogatory, to be relevant or material to the subject matter of this action.

3. Plaintiff expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

4. Publicly available documents including, but not limited to, newspaper clippings, court papers, and documents available on the Internet, will not be produced.

## **GENERAL OBJECTIONS**

5. Plaintiff objects to each instruction, definition, and interrogatory to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

6. Plaintiff objects to each interrogatory that is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

7. Plaintiff objects to each interrogatory to the extent that it calls for production of a privilege log for internal documents of Plaintiff. A request for such a log is unreasonable and unduly burdensome in light of the work product doctrine, governmental deliberative process privilege, and other privileges protecting such internal documents from discovery.

8. Plaintiff objects to each instruction, definition, and interrogatory to the extent that it seeks documents protected from disclosure by the attorney-client privilege, deliberative process privilege, attorney work product doctrine, or any other applicable privilege. Should any such disclosure by Plaintiff occur, it is inadvertent and shall not constitute a waiver of any privilege.

9. Plaintiff objects to each instruction, definition, and interrogatory as overbroad and unduly burdensome to the extent it seeks documents or information that are readily or more accessible to Defendant from Defendant's own files, from documents or information in Defendant's possession, or from documents or information that Defendant previously produced to Plaintiff. Responding to such requests and interrogatory would be oppressive, unduly burdensome, and unnecessarily expensive, and the burden of responding to such requests and interrogatory is substantially the same or less for Defendant as for Plaintiff. This objection encompasses, but is not limited to, documents and answers to interrogatories previously produced by Defendant to Plaintiff, all correspondence between the Plaintiff and its predecessors and Defendant, all other information provided by Defendant to Plaintiff and its predecessors, and all information produced by Plaintiff to Defendant in response to discovery requests of Defendant. All such documents and information will not be produced.

10. Defendant's interrogatories call for the production of information that were produced to the Plaintiff by other entities and that may contain confidential, proprietary, or trade secret information.

11. To the extent any of Defendant's interrogatories seek answers that include expert material, Plaintiff objects to any such requests and interrogatory as premature and expressly reserves the right to supplement, clarify, revise, or correct any or all responses to such requests, and to assert additional objections or privileges.

12. Plaintiff incorporates by reference every general objection set forth above into each specific response set forth below. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific

response does not waive any general objection to that request. Moreover, Plaintiff does not waive its right to amend its responses.

## Interrogatories

1. Please state, with specificity, each and every place Yonel Devico has resided at since 2010, including but not limited to the address, date commencing, date ending, whether Yonel Devico rented or owned, the name of any landlord, if any, and whether there is or was a written lease.

    **RESPONSE:** Plaintiff objects to this request in that it is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request to the extent that it is vexatious, and/or designed solely to harass Plaintiff. Notwithstanding, Yonel Devico has resided at 6899 Collins Ave, Miami Beach, FL 33141 commencing in September 2017 through current; this residence is leased.

2. Please state the date Plaintiff came into existence as a limited liability company.

    **RESPONSE:** August 8, 2017.

3. Please state the date Plaintiff acquired the Note and Mortgage.

    **RESPONSE:** Plaintiff objects to this request to the extent that it is overly broad, as Defendant has not defined "acquired".

4. Please state the date Plaintiff came into physical possession of the Note and Mortgage.

    **RESPONSE:** Plaintiff came into physical possession of the Note and Mortgage on September 20, 2019.

5. Please state the last date Plaintiff or its predecessors received payment from any person on this loan.

    **RESPONSE:** Plaintiff objects to this request in that the release of said information is personal to the borrowers and Answering Defendant is not a party to loan herein. Plaintiff further

objects to this request in that it is overly broad, unduly burdensome, vague or not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding, no payments have been received since on or about October 2008.

6. Please identify any and all communications between Plaintiff and Randy Page.

   **RESPONSE:** Plaintiff objects to this request in that it is overly broad, unduly burdensome, vague or not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request in that any communications between Plaintiff and Randy Page are personal and confidential to the borrowers, which the Answering Defendant is not entitled to. Notwithstanding the foregoing objections and general objections, see Plaintiff's Complaint at **Exhibit E**.

7. Please identify any and all communications between Plaintiff and Karishma Page.

   **RESPONSE:** Plaintiff objects to this request in that it is overly broad, unduly burdensome, vague or not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request in that any communications between Plaintiff and Randy Page are personal and confidential to the borrowers, which the Answering Defendant is not entitled to. Notwithstanding the foregoing objections and general objections, see Plaintiff's Complaint at **Exhibit E**.

8. Please identify each and every transaction you have participated in, in New York.

   **RESPONSE:** Plaintiff objects to this request in that it is overly broad, unduly burdensome, vague or not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request to the extent that it is vexatious, and/or designed solely to harass Plaintiff. Plaintiff further objects to this request in that "transaction" is not defined by Defendant.

9. Please identify each and every transaction you have participated in, in Florida.

    **RESPONSE:** Plaintiff objects to this request in that it is overly broad, unduly burdensome, vague or not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request to the extent that it is vexatious, and/or designed solely to harass Plaintiff. Plaintiff further objects to this request in that "transaction" is not defined by Defendant.

10. Please identify each and every transaction you have participated in, in Delaware.

    **RESPONSE:** Plaintiff objects to this request in that it is overly broad, unduly burdensome, vague or not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request to the extent that it is vexatious, and/or designed solely to harass Plaintiff. Plaintiff further objects to this request in that "transaction" is not defined by Defendant.

Dated: October 16, 2020
      New York, New York

**HASBANI & LIGHT, P.C.**

*/s/ Seth D. Weinberg*
Seth D. Weinberg, Esq.
*Counsel for Plaintiff*
450 Seventh Avenue, Ste 1408
New York, New York 10123
212-643-6677
sweinberg@hasbanilight.com

To:   Daniel Richland, Esq., attorney for Defendant Stuyvesant Construction Corp.

## VERIFICATION

STATE OF FLORIDA       )
                       )ss:
COUNTY OF MIAMI-DADE   )

I, Yonel Devico, being duly sworn, deposes and says that deponent affirms the following under penalty of perjury: I have read the foregoing Responses and Objections to Defendant's First Set of Interrogatories and know the contents thereof, and it is true to my own knowledge except as to any matters therein stated to be alleged upon information and belief and that as to those matters I believe them to be true.

By: _____
Yonel Devico
*Member*
Windward Bora LLC

## ACKNOWLEDGMENT

STATE OF FLORIDA       )
                       )ss:
COUNTY OF MIAMI-DADE   )

On the 16th day of October in the year 2020 before me, the undersigned, personally appeared Yonel Devico personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is(are) subscribed to the within instrument and acknowledged to me that he /she/they executed the same in his/her/their capacity(ies), that by his her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument , and that such in divi dual made such appearance before the undersigned in the City of Miami, State of Florida.

_____
Notary Signature



Notary Public State of Florida
Brandon K Ramos
My Commission GG 282659
Expires 12/09/2022