IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO.:

WINDWARD BORA LLC,

Plaintiff,

v.

VIKTORIYA ZAVELINA,

Defendant.
_______________________________________/

**COMPLAINT**

Plaintiff, WINDWARD BORA LLC (the "Plaintiff" or "Windward"), by and through the undersigned counsel, sues the defendant, VIKTORIYA ZAVELINA (the "Defendant" or "Zavelina"), and alleges as follows:

**SUMMARY OF ACTION**

1. Zavelina is the perpetrator of a scheme to defraud the Plaintiff by taking advantage of the foreclosure process in order to line her pockets with ill-gotten funds.

2. The scheme was carried out as follows: Randy Page ("Mr. Page") and Karisma Page ("Mrs. Page," and together with Mr. Page, the "Pages") entered into a contract (the "Contract") under which Windward was and is entitled to receive all rental payments derived from the real property described therein (the "Rental Payments").



3. Page Capital Property Management Inc. ("Page Capital") took over and otherwise became bound to perform the Pages' obligations under the Contract after the Pages deeded the real property described therein (the "Property") to Page Capital.

4. Zavelina then saw her opportunity to pocket the Rental Payments to which she was not entitled. She tortiously interfered with the Contract by inducing the Pages and Page Capital to deed the Property and relinquish their interests in the Rental Payments to Stuyvesant Construction Corp. ("Zavelina's Corp.") so that she could wrongfully benefit from the Rental Payments and maximize the total amount thereof by delaying Windward's foreclosure of the Property.

5. As a direct and proximate result, the Pages and Page Capital breached the Contract, and Zavelina's Corp. received and Zavelina benefited from all of the Rental Payments that should have been remitted to Windward.

6. This is an action to recover these Rental Payments and other damages caused by the Defendant's misconduct.

**PARTIES, JURISDICTION, AND VENUE**

7. Windward is a Delaware limited liability company that maintains its principal place of business in Miami-Dade County, Florida.

8. Upon information and belief, Zavelina is an individual who used to reside in Miami-Dade County, Florida, but now resides in New York.

9. This is an action for monetary relief that exceeds the sum of $30,000, exclusive of interest, attorneys' fees, and costs. This action thus falls within the jurisdiction of this Court under Fla. Stat. § 26.012(2).





10. This Court has jurisdiction over the Defendant under Fla. Stat. § 48.193(1)(a) because she committed tortious acts within this state, and under Fla. Stat. § 48.193(2) because she has engaged in substantial and not isolated activity within this state.

11. Venue in Miami-Dade County, Florida, is proper under Fla. Stat. § 47.041 because Windward's cause of action accrued in Miami-Dade County, Florida.

## FACTUAL ALLEGATIONS

12. Columbia Home Loans, LLC (the "Lender"), extended a loan (the "Loan") to Mrs. Page.

13. To secure the Loan, the Pages executed the Contract, which reads in pertinent part as follows:

> I [the Pages] give to Lender all of my rights to any rental payments from the Property.
>
> . . . .
>
> Borrower [the Pages] absolutely and unconditionally assigns and transfers to Lender all the rents and revenues ("Rents") of the Property, regardless of to whom the Rents of the Property are payable. Borrower authorizes Lender or Lender's agents to collect the Rents, and agrees that each tenant of the Property shall pay the Rents to Lender or Lender's agents.

14. Page Capital, which, upon information and belief, is owned and operated by the Pages, took over and otherwise became bound by the Pages' obligations under the Contract in or around 2007, after the Pages deeded the Property to Page Capital and Page Capital began performing the Pages' obligations to the Lender.

15. The Pages and Page Capital were entitled to receive the Rental Payments, but those Rental Payments were to be applied to costs and the balance of the Loan upon a default under the terms of the Loan.






55 Alhambra Plaza · Suite 800 · Coral Gables, FL 33134 · www.agentislaw.com

16. There was a payment default under the terms of the Loan on or about January 1, 2014.

17. On or about September 11, 2017, however, Zavelina induced the Pages and Page Capital to deed the Property and relinquish their interests in the Rental Payments to Zavelina's Corp.

18. Zavelina had knowledge of the Contract before the Pages and Page Capital deeded the Property to Zavelina's Corp.

19. The Contract was recorded in the official records and, upon information and belief, was disclosed to Zavelina at or around the time Zavelina's Corp.'s acquisition of the Property closed.

20. Zavelina intentionally interfered with this Contract by offering to purchase the Pages and Page Capital's interests in the Property and Rental Payments.

21. Upon information and belief, the sole purpose of Zavelina's interference was to wrongfully funnel all Rental Payments to Zavelina and maximize the total amount of these payments by delaying foreclosure of the Property.

22. Pursuant to the Contract, however, these Rental Payments should have been applied to costs and the balance of the Loan, not deposited into Zavelina's coffer.

23. Therefore, Zavelina's interference was unjustified.

24. This interference induced or otherwise caused the Pages and Page Capital to deed the Property to and relinquish their interests in the Rental Payments to Zavelina's Corp.

25. The Lender assigned all of its interests in and rights under the Contract to Windward.






55 Alhambra Plaza · Suite 800 · Coral Gables, FL 33134 · www.agentislaw.com

26. Windward thus became and is entitled to receive all Rental Payments derived from the Property pursuant to the Contract.

27. As a direct and proximate result of Zavelina's interference, however, the Pages and Page Capital could not and cannot remit the Rental Payments to Windward as required by the Contract, because all of their interests in the Rental Payments were relinquished to Zavelina's Corp.

28. The Pages and Page Capital thus breached the Contract, and Zavelina's Corp. is thus enjoying, and Zavelina is thus ultimately benefiting from, the Rental Payments to which Windward is legally entitled.

29. As a direct and proximate result of Zavelina's interference, then, Windward has sustained and will continue to sustain damages.

30. Therefore, Zavelina tortiously interfered with the Contract.

31. All conditions precedent to the initiation of this action have been performed, have occurred, or have been waived or excused.

32. Windward has retained the law firm of Agentis PLLC to represent its interests in this matter and is obligated to pay a reasonable fee for its services.

**COUNT I**
**TORTIOUS INTERFERENCE WITH CONTRACT**

33. Windward adopts and re-alleges all paragraphs preceding this count of the complaint as if fully set forth herein.

34. The Contract was a valid and enforceable contract between Windward, the Pages, and Page Capital.

35. Zavelina had knowledge of the Contract.





36. Zavelina intentionally induced the Pages and Page Capital to breach the Contract without justification for her own personal gain and in contravention of Windward's contractual rights.

37. As a direct and proximate result, Windward sustained damages.

38. Among other things, Zavelina is ultimately enjoying and benefiting from the Rental Payments to which Windward is legally entitled.

WHEREFORE, the Plaintiff, WINDWARD BORA LLC, respectfully requests a judgment in its favor and against the Defendant, VIKTORIYA ZAVELINA, for money damages, including the Rental Payments that were supposed to be, but were not, applied to costs and the balance of the Loan, lost profits, disgorgement, pre-judgment interest, post-judgment interest, attorneys' fees, and costs, and prays for any and all other relief this Court deems just and proper under the circumstances.

Dated: April 2, 2020.

Respectfully submitted,

**AGENTIS PLLC**
*Counsel for Plaintiff*
55 Alhambra Plaza, Suite 800
Coral Gables, Florida 33134
T. 305.722.2002

By: */s/ Christopher B. Spuches*
Christopher B. Spuches
Florida Bar No.: 42456
cbs@agentislaw.com
Jason A. Martorella
Florida Bar No.: 92868
jam@agentislaw.com