# RICHLAND & FALKOWSKI, PLLC
ATTORNEYS AT LAW

QUEENS COUNTY OFFICE:
28-07 JACKSON AVE, 5TH FL.
LONG ISLAND CITY, NY 11101

ORANGE COUNTY OFFICE:
5 FAIRLAWN DRIVE, SUITE 204
WASHINGTONVILLE, NY 10992

PHONE: (212) 390-8872
FAX:     (212) 390-8873
EMAIL:  drichland@rflegal.net

April 7, 2022

<u>Via Electronic Filing</u>
Hon. Magistrate Judge Tanya A. Merkl
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

>      RE:   *Windward Bora LLC v. Stuyvesant Construction Corp.*
>            Docket No.: 19-cv-7275(DLI)(CLP)
>            **Reply to Plaintiff's Letter dated April 7, 2022**

Dear Magistrate Judge Pollack:

  As you know, I represent the Defendant Stuyvesant Construction Corp. ("Defendant") with respect to the above referenced action. I write this letter in response to Plaintiff's Letter dated April 7, 2022. Based on Plaintiff's admission of Response Nos. 7 through 10 of the Notice to Admit, those are no longer at issue. However, Plaintiff's continued denial of Response Nos. 11 and 12 is improper and they should be deemed admitted.

  Plaintiff's claim that I did not meet and confer with Plaintiff's counsel on this matter is false, meritless and frankly baffling. First, the discovery "dispute" is *when* Plaintiff's counsel would produce amended responses to the Notice to Admit, not as to the content *per se*. And, to be perfectly clear, I have been waiting on amended Notice to Admit responses since *November 2021*, as reflected in the docket. For Plaintiff to suggest that, somehow, this motion is coming out of the blue is disingenuous at best and dishonest at worst. As but one example, on March 17, 2022 I emailed Plaintiff for a specific date for amended responses and I specifically noted the April 7, 2022 deadline that was then-upcoming. **Exhibit A[1]**. When Plaintiff responded, five days later, it was to assert that I would receive the responses once Plaintiff's counsel received the signed deposition transcript from Ocwen. *Id.* This email followed multiple phone calls on this point and was succeeded by multiple phone calls. Plaintiff's counsel and I are adversaries on three different cases. Each time we discussed those cases, I brought up the Notice to Admit responses and received the same, conclusory response that it would be forthcoming. For an obligation that lies solely upon Plaintiff and its counsel, I've gone far out of my way to "meet and confer" about the date certain I would receive this and have received absolutely nothing

---

[1] This email alone establishes that Plaintiff's claim that we did not meet and confer prior to making this motion is false.

concrete or specific for my efforts. For Plaintiff to suggest that I did not "meet and confer" is outrageous, brazen, false, and insulting.

This is the more so as, at each and every stage of discovery and this litigation, Plaintiff has dragged its feet to intentionally delay the outcome of this proceeding. The present action is, in fact, frivolous since Plaintiff is clearly aware that it cannot prove its asserted default of January 1, 2014. ECF Dkt. No. 1 ¶ 13. It is extremely clear that the Plaintiff believes it can endlessly abuse procedural rules to "game" the system and simply brazen this case out. Where I meet deadlines timely and comply with Court Orders, the Plaintiff and its counsel consistently seek extensions of time, every time. The persistent accumulation of delay is to the detriment of *Defendant,* as the Plaintiff cannot make its *prima facie* showing.

As for Response No. 11 and 12 to the Notice to Admit, Plaintiff continues to deny them, in bad faith and without basis. Notice to Admit No. 11 states, "PHH 0001, annexed hereto as **Exhibit D**, states that the Principal Balance of the Note and Mortgage being foreclosed is $0.00." Notice to Admit No. 12 states, "PHH 0016, annexed hereto as **Exhibit E**, states that the Principal Balance of the Note and Mortgage being foreclosed is $0.00." There is no dispute that the documents in question actually, facially say this, especially in light of Plaintiff's belated admission of Response Nos. 7, 8, 9, and 10. **Plaintiff's Exhibit A;** ECF Dkt. No. 64 ("the testimony of Benjamin Verdooren directly explains why the records reflect a $0.00 balance"). Nor can it be disputed that the meaning of Plaintiff's prior admissions are that PHH 0001 and PHH 0016 state that the principal balance of the Note and Mortgage being foreclosed is $0.00. The only issue on this motion is whether PHH 0001 and PHH 0016, on their face, state that the Principal Balance of the Note and Mortgage being foreclosed is $0.00. That answer is an absolute, unconditional "yes," as even Plaintiff admits. ECF Dkt. No. 64.

Plaintiff's "denial" is actually a challenge to the *accuracy* of PHH 0001 and PHH 0016, not to what either document says, thus making the denial facially improper. *Booth Oil Site Admin. Group v. Safety-Kleen Corp.*, 194 F.R.D. 76, 79-80 (WDNY 2000) (citations omitted) ("denial of the accuracy of a statement is not a denial of its essential truth and certainly a refusal to admit does not amount to a denial"). However, "accuracy" challenges are not permissible objections to a Notice to Admit when the subject of the admission is what a document says. *Id.* at 81 ("Here, however, Request No. 34 asks for pointed responses as to particular text within an uncomplicated and straight forward business letter").

In addition, it is equally impermissible to introduce "extraneous facts" into the response. *Woodward v. Holtzman*, 329 F.R.D. 16, 26 (WDNY 2018) ("Plaintiff's unilateral attempt to interject the question of relevancy constitutes a purposeful and intentional misreading of Request No. 18 in order to create a red herring in an improper effort to avoid directly answering Defendants' Requests by allowing Plaintiff to interpose extraneous facts"). Plaintiff's response is facially a denial that, in fact, admits that the statement is true. "Per the testimony of Benjamin Verdooren, the $0.00 balance is referring to the amount GMAC was seeking to collect on the Note and Mortgage being foreclosed after GMAC service transferred the loan, not the amount on the loan." **Plaintiff's Exhibit A**. The Notice to Admit, however, does not seek to admit *why*

PHH 0001 or PHH 0016 state a zero balance on the Note and Mortgage being foreclosed, but, instead, *whether* they do so.

Why, for example, PHH 0001 and PHH 0016 state a zero balance as to the Note and Mortgage being foreclosed may well be relevant to the forthcoming motions for summary judgment and that would be the proper place for Plaintiff to make that argument. But the Notice to Admit does not ask that question, but merely seeks to remove any dispute that both PHH 0001 and PHH 0016 states that the principal balance of the Note and Mortgage being foreclosed is $0.00. And, in responding to a Notice to Admit, Plaintiff may not "change" the request being made.

Plaintiff refuses to admit these two facts because it believes the admissions will "gut" its case for mortgage foreclosure. *Booth Oil Site Admin. Group v. Safety-Kleen Corp.*, 194 F.R.D. 76, 79-80 (WDNY 2000) (citations omitted). "a party served with a Rule 36 request 'must admit [the requested] fact even if it will gut its case and subject it to summary judgment'") (citing *Langer v. Monarch Life Insurance Co.*, 966 F.2d 786, 805 (3rd Cir. 1992)). "[A]n admission may be avoided because it 'may prove decisive to the case.'" *Woodward v. Holtzman*, 329 F.R.D. 16, 26 (WDNY 2018) (citing to *Booth Oil*). That is also not a proper objection.

Given Plaintiff's bad faith denial of Response No. 11 and Response No. 12, I ask the Court to deem Response No. 11 and Response No. 12 admitted pursuant to FRCP 36(a)(6).

Very truly yours,

D.L.

Daniel H. Richland, Esq.