

Rafi Hasbani, Esq.

450 Seventh Ave, Suite 1408
New York, NY 10123
T. 212.643.6677
F. 347.491.4048
rhasbani@hasbanilight.com

April 13, 2022

**VIA EMAIL CM/ECF**
Hon. Magistrate Judge Cheryl L. Pollack
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> **RE:** *Windward Bora LLC v. Stuyvesant Construction Corp et al.,*
> Case No.: 19-cv-7275(DLI)(CLP)
> Response To Stuyvesant Construction Corp.'s Request For A Pre-Motion Conference Pursuant To FRCP Rule 56 and to Renew its Motion for Sanctions

Dear Magistrate Judge Irizarry,

We represent the Plaintiff, Windward Bora LLC ("Windward Bora" or "Plaintiff") in the above referenced matter. We write in response to the letter filed on April 6, 2022 by Stuyvesant Construction Corp. ("Defendant") requesting a pre-motion conference pursuant to FRCP Rule 56 and to renew its motion for sanctions ("Defendant's Letter"). *See* ECF Dkt. No.: 30. Defendant is not entitled to relief pursuant FRCP Rule 56 nor to renew its motion for sanctions. Additionally, Plaintiff requests to move for summary judgment pursuant FRCP Rule 56.

    **I.    Legal Standards**

A party seeking sanctions must serve a Rule 11 letter on the opposing party at least twenty-one days before filing the motion with the district court, and sanctions may be sought only if the challenged pleading is not withdrawn or corrected within twenty-one days after service of the motion. *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 389 (4th Cir. 2004). The motion must not be filed with the Court if the opposing party withdraws or appropriately corrects factual or legal contentions at issue in the Rule 11 notice to avoid sanctions. Fed.R.Civ.P. 11(c)(2).

Sanctions are a drastic remedy and "must be imposed carefully, lest they chill the creativity essential to the evolution of the law." *Abra Const. Corp. v. Greco*, 230 F.R.D. 385, 386 (. 2005); *G–I Holdings, Inc. v.* Baron & *Budd*, 2002 WL 1934004, at *12 (S.D.N.Y. Aug. 21, 2002) (citation omitted). The Court may exercise its discretion in deciding whether to sanction a party. Rule 11(c). "When considering a Rule 11 motion, all doubts must be resolved in favor of the signer of the pleading." *Carlton Group, Ltd. v. Tobin*, No. 02 Civ.5065, 2003 WL 21782650, 7 (S.D.N.Y 2003).

## II. Plaintiff Is Able to Establish Its *Prima Facie* Case to Foreclose

Defendant incorrectly argues that this Court should sanction Plaintiff. Specifically, Defendant incorrectly argues that sanctions are appropriate because Plaintiff has allegedly been pretending that it could make a *prima facie* case to foreclosure, "when it cannot." The documentation produced by Plaintiff established the default under the Loan. The documentation produced and the testimony by Ocwen Financial Corporation further corroborates the default thereunder.

In an action to foreclose a residential mortgage under New York law, "the lender must prove... the existence of an obligation secured by a mortgage, and a default on that obligation." *R.B. Ventures, Ltd. v. Shane,* 112 F.3d 54, 59 n.2 (2d Cir. 1997); *see also, E. Sav. Bank, FSB v. Ferro,* No. 13-CV-5882, 2015 WL 778345, at *6 (E.D.N.Y. Feb 24, 2015).; *CIT Bank, N.A. v. Neris,* 385 F.Supp 241, 244 (S.D.N.Y. 2019). Applying this standard, courts in this Circuit have found that "summary judgment in a mortgage foreclosure action is appropriate where the Note and the Mortgage are produced to the Court along with proof that the Mortgagor failed to make payments due under the Note." *See Neris,* 385 F.Supp 241, 244 (S.D.N.Y. 2019).

Plaintiff produced the loan information record provided by RCS Recovery Services to Plaintiff at the time of the sale of the underlying loan to Plaintiff. That record establishes that as of the date of the sale of the underlying note to Plaintiff, the borrower had not tendered payment on the loan since 2008. Accordingly, Plaintiff can establish the date of default and Defendant's request for sanctions is completely overly zealous and frivolous.

In addition to Plaintiff's own production, the documents provided by Ocwen Financial Corporation confirm that the loan has been in default since August 2008. Defendant's allegation that the produced documents state that there is $0.00 balance due on the loan is false. The testimony of Benjmain Verdooren explains that the $0.00 reflected on the payment history is the amount GMAC would have sought to collect *after (emphasis added)* it service transferred the loan. The $0.00 did not reflect the amounts due on the loan.

Plaintiff is entitled to advanced the date of default from 2008 to January 1, 2014 to comply with the applicable statute of limitations. Plaintiff is within its right to advance the due date and only collect amounts it is legally allowed to, as causes action acrrue for each unpaid installment. *Wells Fargo Bank, N.A. v. Islam*, 193 A.D.3d 1016 (2d Dept. 2021). To the contrary of Defendant's allegation, Defendant cannot prove that the default from 2008 was ever cured, and how the default alleged in Plaintiff's complaint does not apply. In New York payment is an affirmative defense and the burden of pleading and proving payment is on the Defendant. *Redmond v. Hughes*, 151 A.D. 99, 135 N.Y.S. 843 (2d Dep't 1912); *Feigenbaum v. Hizsbay*, 187 A.D. 126 (1st Dept. 1919).

Therefore, Defendant's accusation that Plaintiff cannot establish its *prima facie* case fails because Plaintiff established the existence of the loan by attaching copies of the note and the mortgage to its complaint. *See* ECF DKT. No.: 1. Plaintiff establishes the default there under through the produced loan information record provided by RCS Recovery Services to Plaintiff and the Ocwen Payment history. For the reasons stated above, Plaintiff would also seek permission to file its motion for

summary judgment and show how it makes out its prima facie case for foreclosure, and how Defendant's defenses do not raise a triable issue of fact.

### III.     Conclusion

Plaintiff has shown its ability to make a prima facia case for foreclosure. Defendant cannot dispute the exitence of the note and mortgage. Moreover, the records and testimony show that the loan has been in default since 2008, and Defendant cannot show that the default was ever cured. Plaintiff is within its rights to advance the default date to comply with the applicable statute of limitations, and that is why it has alleged a January 1, 2014 default date in its complaint. Defendant's motion for sanctions is unwarranted as it also possesses evidence of the default on the loan and Plaintiff's right to foreclose.

Thank you for your time and attention to this matter.


Respectfully,

*/s/ Rafi Hasbani*
Rafi Hasbani, Esq.

cc:     **VIA CM/ECF**
Richland & Falkowski, PLLC
Daniel H. Richland, Esq.
*Counsel for Defendant Stuyvesant Construction Corp*
5 Fairlawn Drive, Ste 204
Washingtonville, New York 10092
drichland@rflegal.net