# RICHLAND & FALKOWSKI, PLLC
### ATTORNEYS AT LAW

QUEENS COUNTY OFFICE:  
28-07 JACKSON AVE, 5TH FL.  
LONG ISLAND CITY, NY 11101

ORANGE COUNTY OFFICE:  
5 FAIRLAWN DRIVE, SUITE 204  
WASHINGTONVILLE, NY 10992

PHONE: (212) 390-8872  
FAX:     (212) 390-8873  
EMAIL: drichland@rflegal.net

August 24, 2022

Via Electronic Filing  
Hon. Dora L. Irizarry  
United States District Court  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, New York 11201

      RE:    *Windward Bora LLC v. Stuyvesant Construction Corp.*  
              Docket No.: 19-cv-7275(DLI)(CLP)  
              **Letter Request for Sanctions against Plaintiff's Counsel Pursuant to FRCP Rule 56(h).**

Your Honor:

      I represent the Defendant Stuyvesant Construction Corp. ("Defendant") with respect to the above referenced action. I write this letter to bring attention to a knowingly false representation contained in Plaintiff's Memorandum of Law in Further Support of Plaintiff's Cross-Motion for Summary Judgment (filed as ECF Doc. No. 82 and referred herein as "Reply MOL") affecting Plaintiff's Exhibit J (ECF Doc. No. 82-2 and referred herein as "Devico Aff.") and Plaintiff's Exhibit K (ECF Doc. No. 82-3 and referred herein as "Devico Email"). Specifically, Plaintiff claims the Devico Aff. was received on July 13, 2022, when, in fact, it was created August 12, 2022 and is not the same document. Hence, the Devico Aff. was interposed in bad faith and violates FRCP Rule 56(h), warranting monetary and nonmonetary sanctions, as well as other relief. I beg the Court inquire into this matter further.

      By way of background, Defendant moved for summary judgment, timely, on May 26, 2022. ECF Doc. Nos. 71, 80, *et al*. On July 15, 2022, after two extensions, Plaintiff served its opposition and cross-motion for summary judgment. ECF Doc. Nos. 75, 80, *et al.* As evidenced in ECF Doc. No. 75, Plaintiff failed to file an index of served papers pursuant to Your Honor's Individual Motion Practice and Rules for Civil Cases Only ("Individual Rules") Rule IV(F)(1) and (2). As an aside, Plaintiff's Memorandum of Law in Support of Plaintiff's Cross-Motion for Summary Judgment and in Opposition to Defendant's Motion dated July 14, 2022 fails to comply with Rule IV(B) by failing to recite the date of service, July 15, 2022. ECF Doc. Nos. 80-12; 81-3. As is undisputed, Plaintiff failed to serve an affidavit from Yonel Devico ("Devico") in support of its cross-motion or in opposition to Defendant's motion for summary judgment on July 15, 2022. *See, e.g.* ECF Doc. No. 81, p. 1; Reply MOL, p. 3. On July 26, 2022, I served Defendant's opposition to Plaintiff's cross-motion and reply in further support of Defendant's motion for summary judgment. ECF Doc. No. 81. In that Memorandum of Law, I

noted the failure to serve any affidavit from Devico and provided the service email from Plaintiff's counsel showing no affidavit from Devico. ECF Doc. Nos. 81, 81-3. In Plaintiff's Reply, served August 12, 2022, Plaintiff annexed the Devico Aff. and Devico Email as exhibits, and requested Your Honor to consider the Devico Aff. as inadvertently not served by Plaintiff. Reply MOL, p. 3. While taking responsibility for the failure to serve the Devico Aff., Plaintiff also attempted to claim that "Defendant should have been aware of the existence of the affidavit," without providing any detail on how Defendant would have been aware of the contents of an unserved document. *Id.* It is also noteworthy that the Reply MOL also fails to comply with Rule IV(B) and Plaintiff again filed a cover letter with no index, thus not complying with Rule IV(F)(1) and (2). Reply MOL; ECF Doc. No. 77.

Relevantly here, the Devico Aff. is a fabricated document which violates FRCP 56(h). On page 3 of the Reply MOL, Plaintiff's counsel states, "Not providing Defendant with the Devico affidavit was a mistake by the undersigned. When emailing the documents to Defendant's counsel, the undersigned inadvertently did not attach the Devico affidavit. **As seen from the email and the affidavit, the affidavit was in fact executed on July 13, 2022, well before the papers were served on Defendant. See** Exhibit J, Exhibit K." Plaintiff's counsel's explicit representation is that the Devico Aff. is the same document Plaintiff's counsel received from Devico on July 13, 2022 and that but for Plaintiff's counsel's negligence, it would have been served on the undersigned on July 13, 2022. In fact, the Devico Aff. was created August 12, 2022 and thus could not be the same document Plaintiff received from Devico on July 13, 2022. This, of course, is a material misrepresentation by Plaintiff's counsel about the provenance of the Devico Aff. and thus makes the Devico Aff. interposed in "bad faith" and warrants sanctions under FRCP 56(h).

The Devico Aff. was created, presumably by Plaintiff's counsel, on August 12, 2022, a few hours before service of Plaintiff's cross-motion and opposition, as evidenced by the PDF metadata from the copy served on me. **Exhibit A[1]; Exhibit B[2]; Exhibit C[3].** Plaintiff served me with the Devico Aff. at 7:26 pm on August 12, 2022 and the copy I received of the Devico Aff. has, as its author, "James R. Finn" and a creation date of August 12, 2022 at 3:09:21 pm, approximately 4 ½ hours prior to Plaintiff serving me with it. **Exhibit C.** That is how the Court knows, for example, that the dates and times are not coming from my computer, but, in fact, are intrinsic to the document itself. **Exhibit B**. The Devico Aff., filed as ECF Doc. No. 82-2, retains that same creation date on the copy you can download from PACER[4]. The fact that the document was created on August 12, 2022 and not July 13, 2022 means that the Devico Aff.

---

[1] This email provides that the metadata is *not* coming from my receipt of the document, since the creation date/time is four hours before I received the email.

[2] Instructions for viewing the date/time of the creation of a PDF.

[3] The "Document Properties" "Description" showing the date/time of the creation of the PDF. This information does not change by transfer of the file or saving it to your computer. Your Honor can email the Devico Aff. to herself and others a million times, change the name, etc., and it will still show a creation date/time of August 12, 2022 at 3:09:21 pm. This will remain the case if you add pages, add text, or otherwise edit the document – that will only change the "last modified" date.

[4] For reasons unknown to me, downloading the file from PACER has consistently changed the "Modified" field to the date and time of access, but does not change the "Created" date.

cannot be the same document Plaintiff's counsel received on July 13, 2022 evidenced by the Devico Email.

Further, from the face of the document itself, it can be positively determined that the "created" date is not simply the date Plaintiff's counsel scanned the document. In paragraph 8 and 9 of the Devico Aff. are yellow "comments" in the final PDF emailed to me and uploaded to PACER. If the document was printed and then manually scanned, those comments would not be readable from the PDF itself. **Exhibit D** is a copy of the Devico Aff. with the comments printed separately (i.e. if you were to print the comments along with the text). Those comments can only be retained electronically, in this manner, when you convert a Word or other text document, containing comments, directly to PDF. The clear conclusion is that Plaintiff's counsel converted a Word document to PDF on August 12, 2022 at 3:09 pm in an effort to backdate the Devico Aff. and present it as the same document Plaintiff's counsel received on July 13, 2022 in the Devico Email.

In summary, the evidence is indisputable that the Devico Aff. was converted to a PDF from, presumably, Microsoft Word, by Plaintiff's counsel, on August 12, 2022 and cannot be the same document Plaintiff received on July 13, 2022 from Devico pursuant to the Devico Email. Yet, in Reply MOL, p. 3, Plaintiff's counsel affirmatively represents to this Court that the Devico Aff. *was* the same document as attached to the Devico Email, which, under these facts, is a knowingly false misrepresentation by Plaintiff's counsel. It is not possible that this was done erroneously or accidentally by Plaintiff's counsel.

These facts make Plaintiff and Plaintiff's counsel sanctionable under FRCP Rule 56(h) for the submission of a bad faith affidavit. Pursuant to FRCP Rule 56(h), if the Court is "satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court – after notice and a reasonable time to respond – may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions." The Devico Aff., presented as being the document received by Plaintiff's counsel on July 13, 2022 when it was, in fact, created by Plaintiff's counsel on August 12, 2022, is thus a fabricated and false affidavit, indisputably interposed in bad faith by Plaintiff's counsel.

Upon these facts, the Court cannot consider the Devico Aff. in any context and must disregard it. This is true without regard to FRCP Rule 56(h) since the Devico Aff. was first interposed on Reply. *See, e.g. Matera v. Native Eyewear, Inc.*, 355 F.Supp.2d 680, 682 (EDNY 2005) (refusal to consider affidavits submitted for the first time on reply). But it is also warranted under FRCP Rule 56(h) as a bad faith affidavit.

Secondly, the Court should impose a monetary sanction against Plaintiff's counsel for this conduct. The knowing and intentional submission of a fabricated affidavit by Plaintiff's counsel cannot be excused or condoned, nor can an intentional misrepresentation to the Court about its provenance. Effectively, Plaintiff's counsel knowingly fabricated the evidence and then tried to pass it off as an earlier received document when Plaintiff's counsel actually knew it was

not.  This deceit and dishonesty demands a monetary sanction sufficient to deter future conduct. *Luscier v. Risinger Brothers Transfer, Inc.*, 2015 WL 5638063 (SDNY September 17, 2015) ($9,000 sanction for submission of false affidavit on summary judgment motion pursuant to Rule 56(h), post-dismissal).

Thirdly, I cannot see how Plaintiff's counsel can remain counsel for Plaintiff in this action.  Plaintiff's counsel's actions have demonstrated intentional dishonesty and deceit in this court.  Plaintiff's counsel actions and words establish a complete lack of veracity that taints these proceedings, thus requiring disqualification.  The knowing submission of a false affidavit to this Court, and the intentional misrepresentation by Plaintiff's counsel to this Court as to its source and identity, "taints the underlying trial." *Board of Ed. of City of New York v. Nyquist*, 590 F.2d 1241, 1246 (2nd Cir. 1979).  *Falsus in uno, falsus in omnibus.*  This Court can have no confidence that any document or exhibit previously offered by this Plaintiff or Plaintiff's counsel, or to be offered in the future, has not been or will not be tainted by fabrication.  This Court can have no confidence that any testimony given by Plaintiff is not tainted by falsity or perjury.  This is not an isolated incident, as detailed in numerous filed papers in this action, including on the motions for summary judgment.  Devico has provided five knowingly false affidavits in the past and Plaintiff's counsel represents Devico in four of those five actions.  In none of those actions has Plaintiff's counsel disclosed the falsity of those filed affidavits to those Courts, despite having actual knowledge of the falsity for years and/or months, at this point.  To preserve the propriety of the proceedings of this action, Plaintiff's counsel must be disqualified, Plaintiff directed to obtain new counsel, and Plaintiff's new counsel directed to swear to the veracity of all papers and representations previously made by Plaintiff and/or Plaintiff's counsel in this action, subject to dismissal with prejudice against Plaintiff in the event further falsity comes to light or Plaintiff's new counsel refuses to swear to said veracity.

Fourthly, I believe Plaintiff's counsel must also be referred to the Departmental Disciplinary Committee.  NY Rules of Professional Conduct Rule 3.3 states, "(a) A lawyer should not knowingly: (1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer…". The intentional submission of a fabricated affidavit, purportedly being the same document as received a month earlier, but clearly not, warrants a disciplinary referral under NY Rules of Professional Conduct Rule 3.3.  Similarly, Rule 3.3(a)(3) prohibits an attorney from "offer[ing] or use[ing] evidence that the lawyer knows to be false."  The Plaintiff's counsel knows the Devico Aff. is not the document received on July 13, 2022 attached to the Devico Email, but, yet, made that knowing misrepresentation to the Court anyway.  Even if, for example, the actual document Plaintiff's counsel received was word for word identical in content to the Devico Aff., Plaintiff's counsel's affirmative representation in the Reply MOL would still be false since the Devico Aff. was created on August 12, 2022, and thus violates NY Rules of Professional Conduct Rule 3.3.

Finally, I am compelled to note that this entire shameful episode is a direct result of Plaintiff's non-compliance with Your Honor's Individual Rules, specifically Rule IV(F)(2).  In that rule, Your Honor directs that "the moving party must submit a cover letter and an index

listing the documents submitted to the Court, and in all other respects, comply with Federal Rules of Civil Procedure 56 and Local Civil Rule 56.1." While Defendant complied with that rule at the time of service (ECF Doc. Nos. 71, 76), Plaintiff did not (ECF Doc Nos. 75, 77). This is, of course, yet one more example of Plaintiff's longstanding history of blatant noncompliance with Your Honor's Individual Rules. *See* Orders dated April 8, 2022; June 16, 2022; July 15, 2022; August 23, 2022. Had, for example, Plaintiff complied with Rule IV(F)(2), Plaintiff would have been unable to fabricate the Devico Aff. on August 12, 2022 since it would have been included in the Index and I would, at that time, have moved to strike it from the Index for its failure to be served on me. By failing to comply with Rule IV(F)(2), Plaintiff, to salvage[5] its case, elected to fabricate the affidavit on August 12, 2022, leading to this motion.

      I beg the Court inquire further into this matter and I thank the Court for its kind consideration and attention to this matter.

Very truly yours,

Daniel H. Richland, Esq.

---

[5] There is no possible dispute, at this point, that Plaintiff cannot make its *prima facie* showing of mortgage foreclosure based upon the existing record, excluding the Devico Aff., and that its motion will be denied.