# RICHLAND & FALKOWSKI, PLLC
### ATTORNEYS AT LAW

| QUEENS COUNTY OFFICE: | ORANGE COUNTY OFFICE: | PHONE: (212) 390-8872 |
|---|---|---|
| 28-07 JACKSON AVE, 5TH FL. | 5 FAIRLAWN DRIVE, SUITE 204 | FAX:     (212) 390-8873 |
| LONG ISLAND CITY, NY 11101 | WASHINGTONVILLE, NY 10992 | EMAIL: drichland@rflegal.net |

August 25, 2022

<u>Via Electronic Filing</u>
Hon. Dora L. Irizarry
United States District Court
Eastern District of New York
225 Cadman Plaza Eas
Brooklyn, New York 11201

  RE: *Windward Bora LLC v. Stuyvesant Construction Corp.*
     Docket No.: 19-cv-7275(DLI)(CLP)
     **Reply to Plaintiff's Opposition to Letter Request for Sanctions against Plaintiff's Counsel Pursuant to FRCP Rule 56(h).**

Your Honor:

  I represent the Defendant Stuyvesant Construction Corp. ("Defendant") with respect to the above referenced action. I write this letter in response to Plaintiff's Opposition (ECF Doc. No. 84) to Defendant's Letter Request for Sanctions against Plaintiff's Counsel Pursuant to FRCP Rule 56(h) (ECF Doc. No. 83).

  Squarely presented is whether Plaintiff's counsel made a factual misrepresentation to the Court in Plaintiff's Memorandum of Law in Further Support of Plaintiff's Cross-Motion for Summary Judgment (filed as ECF Doc. No. 82 and referred herein as "Reply MOL") about Plaintiff's Exhibit J (ECF Doc. No. 82-2 and referred herein as "Devico Aff.") and Plaintiff's Exhibit K (ECF Doc. No. 82-3 and referred herein as "Devico Email"). As is clear, Plaintiff's counsel made misrepresentations in Reply MOL, p. 3.

  In Reply MOL, p. 3, Plaintiff's counsel stated: "Not providing Defendant with the Devico affidavit was a mistake by the undersigned. When emailing the documents to Defendant's counsel, the undersigned inadvertently did not attach the Devico affidavit. **As seen from the email and the affidavit, the affidavit was in fact executed on July 13, 2022, well before the papers were served on Defendant. See** Exhibit J, Exhibit K." (emphasis added). As I noted in my moving papers, while the Devico Aff. was facially dated July 13, 2022, it was, in fact, created as a PDF on August 12, 2022, immediately before the filing of Plaintiff's reply (ECF Doc. No. 82). It is and was my position that the Devico Aff. could not be the attachment to the Devico Email due to its date of creation. Therefore, Plaintiff's counsel, in the above quoted language, was making a misrepresentation to the Court that the Devico Aff. was "inadvertently" not attached when, in fact, the Devico Aff. did not exist on July 15, 2022. In addition, by providing the Devico Aff. now, and presenting the affidavit as a document which had been in

existence on July 13, 2022 or July 15, 2022, Plaintiff's counsel was making a second misrepresentation. I specifically noted that these were misrepresentations, "Even if, for example, the actual document Plaintiff's counsel received was word for word identical in content to the Devico Aff., Plaintiff's counsel's affirmative representation in the Reply MOL would still be false since the Devico Aff. was created on August 12, 2022…" ECF Doc. No. 83, p. 4.

Plaintiff's counsel admits the first misrepresentation. Plaintiff's counsel confirms that "On July 13, 2022, Plaintiff's member emailed me back the signed signature page of the affidavit." So, on the Devico Email, the "CCF_000781.pdf" is just a signed signature page and not the completed affidavit. Hence, the Devico Aff. is not and was not the attachment to the Devico Email.

Plaintiff's counsel also admits the second misrepresentation. "On August 12, 2022, prior to serving the affidavit on Defendant's counsel, I had to combine the word version of the affidavit from July 12, 2022 and the executed signature page from July 13, 2022 to make the affidavit whole as intended." Simply put, Plaintiff's counsel admits creating the Devico Aff. on August 12, 2022.

Hence, the Devico Aff. and Devico Email do not support Plaintiff's counsel's representation to the Court in the Reply MOL that the Devico Aff. was executed on July 13, 2022. While, certainly, Plaintiff had a signature page on July 13, 2022, Plaintiff did not have a finalized affidavit and would not have a finalized affidavit until August 12, 2022. To thus pass off the Devico Aff. as actually being *from* July 13, 2022, as Plaintiff's counsel did in the Reply MOL, is a misrepresentation. The Devico Aff. did not exist, by Plaintiff's counsel's own admission, until August 12, 2022.

I also wish to note that ECF Doc. No. 84-3, the purported affidavit sent to Devico, actually differs from ECF Doc. No. 82-2, the Devico Aff., specifically in ¶ 9. On the draft affidavit, it recites figures "as of July 12, 2022" and in the Devico Aff., it recites figures "as of July 1, 2022." Even minor changes like this buttress the point that Plaintiff's counsel did not have a final affidavit on July 13, 2022 or July 15, 2022 to serve. That is why Plaintiff's counsel's representations in Reply MOL, p. 3 are false.

Hence, contrary to Plaintiff's counsel's hysteric claims, the misrepresentations asserted in my letter of August 24, 2022 are actually admitted by Plaintiff's counsel. For Plaintiff's counsel to suggest that these are "false allegations" or "stoop[ing] to a new low" or "grasp[ing] at any made up theory" is bewildering, given Plaintiff's counsel's admissions as to the misrepresentations. Accordingly, I welcome a conference or hearing to further discuss these matters and answer any questions the Court may have.

Finally, Plaintiff's counsel also appears, in his letter, to suggest that I should have "notified" Plaintiff's counsel that I did not receive the Devico Aff. I want to make clear to the Court that I already addressed this in my initial letter. Your Honor's Individual Rules, Rule IV(F)(2) require a movant to provide a cover letter and index of all papers served on a motion for

summary judgment.  Plaintiff's counsel did not do this and thus did not give me notice that I did not receive a document he had intended to serve.  Of course, as Plaintiff's counsel admits, he did not have the final affidavit on July 15, 2022 to serve in any event.  The fact that he referenced it in his Memorandum of Law I chalked up to Plaintiff's counsel's difficulty in preparing timely papers.  *See, e.g.* Order dated July 15, 2022 (denying one day prior request for excess pages, and on the heels of two extensions of time to file).  Or his all too obvious reuse of prior papers.  Or his homelessness at the time.  ECF Doc. No. 73.  Simultaneously, Plaintiff did not reference it anywhere else or even in other, expected places like Plaintiff's Counterstatement of Material Facts, which, I might add, contain references with blank spaces.  *See, e.g.* ECF Doc. No. 80-1 p. 6 ¶¶ 1, 4-5.  Simply put, had Plaintiff actually complied with Your Honor's Individual Rules, by, *inter alia,* filing an index pursuant to Your Honor's rules, I would have raised this issue at that time.  As he did not, I noted it, properly, in my Opposition and Reply.  I note, for example, that Plaintiff's counsel does not address his failure to file an index as required by Your Honor's Individual Rules.

There are other allegations contained in Plaintiff's letter which I would be happy to expand upon, including the fact that Devico, for example, is in fact, a liar and, in my opinion, a perjurer.  But these claims are fully explored in my motion for summary judgment and supported by the underlying evidence that Plaintiff refuses to address as "irrelevant."  Its only relevance here is to the fact that I believed Plaintiff had intentionally decided not to include a client affidavit because Plaintiff knew that I would scrutinize any statements made by Devico for perjury, as in fact, I telegraphed in moving papers.  ECF Doc. No. 79-33 Point I(C) (notably entitled, "Any Potential Affidavit, Affirmation or Declaration of Devico Lacks Probative Value, is Potentially Suborned Perjury and Should Be Disregarded as a Sham by this Court").

Considering Plaintiff's counsel has admitted both misrepresentations in his letter, to the extent the Court wants a hearing or conference, I look forward to addressing the same with the Court.  I thank the Court for its kind consideration and attention to this matter.

Very truly yours,

Daniel H. Richland, Esq.