UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X
FTS CAPITAL, LLC,

               Plaintiff,

       -against-

STUYVESANT CONSTRUCTION CORP.,

               Defendants.
------------------------------------------------------------X

**MEMORANDUM
AND ORDER**
19-CV-7275 (TAM)

**TARYN A. MERKL**, United States Magistrate Judge:

On December 30, 2019, Windward Bora, LLC ("Windward Bora") initiated this foreclosure action against Defendants Stuyvesant Construction Corp. ("Stuyvesant") and HSBC Bank USA National Association ("HSBC"), seeking to foreclose a mortgage (the "Mortgage") encumbering real property located at 195 East 39th Street, Brooklyn, New York 11203 (the "Property"). (Compl., ECF No. 1, ¶ 1.) On August 21, 2023, Windward Bora moved for summary judgment. (Second Mot. for Summ. J., ECF No. 97.) For the reasons set forth herein, the motion for summary judgment is denied.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

**I.  Factual Background**

On July 25, 2006, Randy Page and Karisma Page (the "Pages") executed a note (the "Note") for $110,000, secured by the Mortgage described above. (Compl., ECF No. 1, ¶ 8; Pl.'s E.D.N.Y. Local Civ. R. 56.1 Counterstatement, ECF No. 97-1, at ¶¶ 4–5 (hereinafter "Pl.'s R. 56.1 Statement"); Counterstatement to Pl.'s E.D.N.Y. Local Civ. R. 56.1 Counterstatement, ECF No. 98-1, at ¶¶ 4–5 (hereinafter "Def.'s R. 56.1 Statement").) Windward Bora alleges that the Pages defaulted on their obligations under the Note on

or around August 1, 2008. (Pl.'s R. 56.1 Statement, ECF No. 97-1, at ¶ 6.) From this point

on, the factual background becomes much more complicated.

Windward Bora alleges that the Mortgage was assigned to it on July 27, 2015,

which assignment was recorded on November 19, 2019. (Compl., ECF No. 1, ¶ 10;

Recording & Endorsement Cover Page, ECF No. 1-1, at ECF p. 31.) In addition to the

unexplained four-year gap between the purported assignment of the Mortgage and the

recording thereof, Defendant points out that Windward Bora was not established as an

LLC at the time of the assignment in 2015. (Mem. of Law in Opp'n, ECF No. 98, at 3

(hereinafter "Def.'s Mem."); *see also* Operating Agreement, ECF No. 97-7, at ECF p. 31

(noting that Windward Bora "was organized on August 8th 2017").) Meanwhile, in

2017, Page Capital Property Management Inc., an entity associated with the Pages,

transferred the Property and Mortgage to Defendant by quitclaim deed for

consideration of $20,000. (*See* Quitclaim Deed, ECF No. 97-13, at ECF p. 2; Real Property

Transfer Rep., ECF No. 97-13, at ECF p. 7.) Ultimately, Windward Bora asserts that it

was the owner and holder of the Note at the time the complaint was filed. (Compl., ECF

No. 1, ¶ 12; Pl.'s R. 56.1 Statement, ECF No. 97-1, at ¶ 10.)

A review of the servicing records related to the Note reveals additional temporal

anomalies. Records from Ocwen Financial Corporation ("Ocwen") cover the time

period from May 2007 to July 2013 and include the account notes and recorded payment

history from a prior servicer (GMAC[1]), which ceased servicing the loan on February 20,

2012. (Nonparty Ocwen Financial Corp.'s Resp., ECF No. 97-10, at ECF pp. 4–6, 8–24; Tr.

of Dep. of Benjamin Verdooren, ECF No. 97-11, at 40:23–41:3 (noting service release date

---

[1] In 2012 or 2013, Ocwen purchased GMAC. (Tr. of Dep. of Benjamin Verdooren, ECF
No. 97-11, at 8:2–5.)

of February 20, 2012).) According to Windward Bora, the servicer of the Note following

Ocwen provided a loan information report, summarizing the Note status after Ocwen's

service release date. (Tr. of Mot. Hr'g, ECF No. 105, at 23:7–14.) This report, however,

does not contain any payment history or, in fact, any activity whatsoever — it is

undated and simply reflects a note date, last paid date, next payment due date, and

balance due of $108,801.24 for an account related to the Property. (Pl.'s Am. Resps. &

Objs., ECF No. 97-7, at ECF pp. 18–22.) In the present summary judgment record,

Plaintiff has not identified any transactional history for the Note following February 20,

2012.

Finally, the record is also internally inconsistent with respect to the balance due

under the Note. The notice of default sent to the Pages from Windward Bora

represented that as of September 30, 2019, the "Total Arrears" was $67,211.36. (Letter

from the Margolin & Weinreb Law Grp., LLP to Randy and Karisma Page, ECF No. 1-1,

at ECF p. 37.) The notice goes on to indicate that the remaining principal balance as of

September 19, 2019, was $108,801.24 *plus* accrued interest of $67,211.36. (*Id.* at ECF p.

38.) Yonel Devico, Windward Bora's sole member, stated in his affirmation that as of

July 1, 2022, the outstanding principal balance was $104,341.68 with past due interest of

$94,934.07. (Aff. of Yonel Devico in Supp. of Pl.'s Mot. for Summ. J., ECF No. 97-2, ¶¶ 1,

11–12 (hereinafter "Devico Aff.").) Since Windward Bora has asserted that no payments

were made since 2012, the internal inconsistencies in the outstanding principal balance

are puzzling. (*See* Tr. of Mot. Hr'g, ECF No. 105, at 41:16–23, 44:22–45:2, 54:3–9.)

**II.  Procedural History**

As set forth above, Windward Bora initiated this action on December 30, 2019,

with the filing of the complaint and accompanying exhibits. Exhibit C to the complaint

included the Note and allonges. (Note, ECF No. 1-1, at ECF pp. 21–29.) The final allonge

accompanying the complaint indicates the assignment of the Note from RCS Recovery

Services, LLC, to Windward Bora. (*Id.* at 29.) Exhibit D to the complaint comprises

documentation demonstrating the assignment of the Mortgage to Windward Bora,

dated July 27, 2015, with the recording of the assignment at the Office of the City

Register on November 19, 2019. (Recording & Endorsement Cover Page, ECF No. 1-1, at

ECF pp. 31–34.)

On August 23, 2022, Defendant Stuyvesant first moved for summary judgment,

and Windward Bora both opposed Defendant's motion and cross-moved. (*See* Notice of

Mot., ECF No. 79; First Mot. for Summ. J., ECF No. 80.) The Honorable Dora L. Irizarry

struck both motions. (Mar. 23, 2023 Min. Order.) On July 12, 2023, Windward Bora and

Defendant Stuyvesant filed a notice of their consent to referral of all proceedings to the

undersigned magistrate judge. (Consent to Jurisdiction by U.S. Mag. J., ECF No. 95.)

Following the dismissal of Defendant HSBC, Judge Irizarry so ordered the referral of

the case. (Sept. 21, 2023 ECF Order.)

Presently before the Court is Windward Bora's second motion for summary

judgment. (*See* Second Mot. for Summ. J., ECF No. 97.) In support of the motion,

Windward Bora included a Rule 56.1 statement of undisputed facts and other

supporting documents. (*Id.*) In opposition to the motion, Defendant Stuyvesant

(referred to herein as "Defendant") raised five arguments: (1) Windward Bora, the

original plaintiff, does not have standing to foreclose on the Mortgage because it

assigned the Note and Mortgage to FTS Capital, LLC prior to filing for summary

judgment; (2) Windward Bora cannot seek summary judgment on an unpled claim;

(3) Windward Bora failed to make a *prima facie* showing of mortgage foreclosure;

(4) Windward Bora did not eliminate triable issues of fact related to the borrowers'

default; and (5) there are genuine issues of material fact related to several of Defendant's affirmative defenses. (Def.'s Mem., ECF No. 98.)

On January 24, 2024, the Court issued a scheduling order directing the parties to prepare to discuss questions related to Windward Bora's Article III standing following assignment of the note. (Jan. 24, 2024 ECF Scheduling Order.) At the hearing, the parties agreed that FTS Capital, LLC is the successor-in-interest to Windward Bora and the Court directed Plaintiff to file either a motion to substitute plaintiff or a stipulation regarding the substitution. (*See* Tr. of Mot. Hr'g, ECF No. 105, at 13:24–14:19; Feb. 8, 2024 ECF Min. Entry & Order.) On February 22, 2024, Windward Bora filed a stipulation to substitute plaintiff, replacing Windward Bora with FTS Capital, LLC. (Stipulation, ECF No. 106.) On February 28, 2024, the Court directed newly added Plaintiff FTS Capital, LLC to file a corporate disclosure statement under Rule 7.1 of the Federal Rules of Civil Procedure, identifying the name and citizenship of the LLC members. (Feb. 28, 2024 ECF Order.) On March 6, 2024, Plaintiff filed its corporate disclosure statement, identifying two individuals as the members of FTS Capital, LLC, and stating that they are citizens of Pennsylvania. (Rule 7.1 Statement, ECF No. 107.)

## DISCUSSION

### I. Legal Standards

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Darnell v. Pineiro*, 849 F.3d 17, 22 (2d Cir. 2017). "A fact is 'material' for these purposes if it 'might affect the outcome of the suit under the governing law.'" *Gayle v. Gonyea*, 313 F.3d 677, 682 (2d Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Further, a factual dispute is "genuine" if "'the evidence is such that a reasonable jury

could return a verdict for the nonmoving party.'" *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 113–14 (2d Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). The Court must "view all facts in this case in the light most favorable to the non-movant, resolving all ambiguities in [the non-movant's] favor." *Borley v. United States*, 22 F.4th 75, 78 (2d Cir. 2021). "Put another way, summary judgment is appropriate only where the record taken as a whole could not lead a rational trier of fact to find for the non-movant." *Id.* (alterations and quotation marks omitted).

The movant "bears the burden of 'demonstrat[ing] the absence of a genuine issue of material fact.'" *Nick's Garage, Inc.*, 875 F.3d at 114 (alteration in original) (quoting *Celotex Corp.*, 477 U.S. at 323). Once the moving party has satisfied their burden, "'the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial.'" *Brizzi v. Utica Mut. Ins. Co.*, 529 F. Supp. 3d 44, 51 (E.D.N.Y. 2021) (emphasis omitted) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *see also Anderson*, 477 U.S. at 252 ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."). However, summary judgment must be denied "if there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party." *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002). Further, Rule 56(c) provides that:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c); *see also Lener v. Hempstead Pub. Sch.*, 55 F. Supp. 3d 267, 274 (E.D.N.Y. 2014).

When considering whether a movant is entitled to summary judgment, the Court cannot weigh the evidence or make credibility determinations to decide the truth of the matter, but instead must determine "whether there is a genuine issue for trial." *Green v. Town of E. Haven*, 952 F.3d 394, 406 (2d Cir. 2020) (citing *Anderson*, 477 U.S. at 249, 255). District courts are "required to 'resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment.'" *Kessler v. Westchester Cnty. Dep't of Soc. Servs.*, 461 F.3d 199, 206 (2d Cir. 2006) (quoting *Cifra v. Gen. Elec. Co.*, 252 F.3d 205, 216 (2d Cir. 2001)); *see also Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012). In addition, courts "may not properly consider the record in piecemeal fashion, trusting innocent explanations for individual strands of evidence; rather, it must review all of the evidence in the record." *Rasmy v. Marriott Int'l, Inc.*, 952 F.3d 379, 386 (2d Cir. 2020).

A district court considering a motion for summary judgment "may rely on any material that would be admissible at a trial." *Lyons v. Lancer Ins. Co.*, 681 F.3d 50, 57 (2d Cir. 2012) (quotation marks omitted). A court may consider documents submitted in support of summary judgment without resolving whether the documents fall within the business records exception to the rule against hearsay "if a competent custodian would be able to verify their authenticity at trial." *Wilmington Tr., N.A., v. 31 Prince St., LLC*, No. 22-CV-5855 (JGK), 2023 WL 3647397, at *3 (S.D.N.Y. May 25, 2023) (quotation marks omitted) (citing *Lyons*, 681 F.3d at 57; *Smith v. City of New York*, 697 F. App'x 88, 89 (2d Cir. 2017)).

## II. Analysis

"Under New York law, a plaintiff seeking to foreclose upon a mortgage must demonstrate the existence of the mortgage and mortgage note, ownership of the mortgage, and the defendant's default in payment on the loan secured by the mortgage." *Windward Bora LLC v. Baez*, No. 19-CV-5698, 2020 WL 4261130, at *3 (E.D.N.Y. July 24, 2020) (quotation marks and citation omitted); *see also Builders Bank v. Charm Devs. II, LLC*, Nos. 09-CV-3935 (JG) (LB) & 09-CV-4410 (JG) (LB), 2010 WL 3463142, at *2 (E.D.N.Y. Aug. 30, 2010) ("[S]ummary judgment in a mortgage foreclosure action is appropriate where the Note and Mortgage are produced to the Court along with proof that the Mortgagor has failed to make payments due under the Note." (citation omitted)). "Once the plaintiff submits the mortgage, the unpaid note, and evidence of the default, it has demonstrated its prima facie case of entitlement to judgment. . . . The burden then shifts to the defendant to raise a triable issue of fact, including with respect to any alleged defenses or counterclaims." *Gustavia Home, LLC v. Bent*, 321 F. Supp. 3d 409, 414–15 (E.D.N.Y. 2018) (citing *Fleet Nat'l Bank v. Olasov*, 793 N.Y.S.2d 52, 52–53 (App. Div. 2d Dep't 2005)).

Windward Bora has provided proof of the Note and the Mortgage at issue, both dated July 25, 2006, in the amount of $110,000. (Note, ECF No. 1-1, at ECF pp. 21–29; Mortgage, ECF No. 1-1, at ECF pp. 5–19.) There is no dispute as to the existence of the Note or the Mortgage. (Def.'s R. 56.1 Statement, ECF No. 98-1, ¶¶ 4–5.) However, Defendant contends that Windward Bora has not established the remaining elements for *prima facie* foreclosure, namely, its ownership of the Mortgage and the borrowers' default. (Def.'s Mem, ECF No. 98.) The Court finds that there are genuine disputes of

material fact related to the default, and therefore does not reach the issue of ownership of the Mortgage.[2]

To establish evidence of default, "no general allegations of default will be assumed to be true; rather, there must be some proof in the form of an affidavit of a person with knowledge, or a complaint verified by a person with knowledge." *Gustavia Home, LLC v. Hoyer*, 362 F. Supp. 3d 71, 79 (E.D.N.Y. 2019) (quotation marks and alterations omitted). For example, in *Hoyer*, the court found that an affidavit from the plaintiff's sole member stating — based on his own knowledge — that the defendant failed to make a payment due on a particular date and failed to cure the default was sufficient to establish a default. *Id.*

Here, Windward Bora alleges both in the verified complaint and in the affidavit of Yonel Devico that the Pages defaulted on the Mortgage by failing to make the payment due on January 1, 2014 (the "Default Date"), and that the default continues. (Compl., ECF No. 1, ¶ 13; *see* Devico Aff., ECF No. 97-2, ¶ 10.) Devico's affirmation points to exhibits four and seven as "[a] copy of the payment history," upon which Devico bases his knowledge as to the default status. (Devico Aff., ECF No. 97-2, ¶ 10.) Exhibit four (herein referred to as the "Loan Information Record" or "LIR") contains "the loan information record provided by RCS Recovery Services to [Windward Bora] at the time of the sale of the underlying loan." (Pl.'s Am. Resps. & Objs., ECF No. 97-7, ¶ 5.) Exhibit seven (herein referred to as the "Ocwen file") contains subpoena responses from Ocwen Financial Corporation ("Ocwen"), including the Note's origination file,

---

[2] Given the tortured factual background with respect to the timing of the assignment of the Note to Windward Bora in 2015 compared to the date Windward Bora was established in 2017, *see supra* Factual Background, the Court notes that Defendant contends that there is also a dispute of material fact for trial related to the ownership of the Note.

servicing file, and payment history. (Nonparty Ocwen Financial Corp.'s Resp., ECF No. 97-10, at ECF pp. 4–6, 8–24.)

Defendant argues that the neither the Loan Information Record nor the Ocwen File establishes with competent proof a default as of or after the Default Date. (*See* Def.'s Mem., ECF No. 98, at 14.) The LIR consists of two lines of data spread across five pages. (Pl.'s Am. Resps. & Objs., ECF No. 97-7, at ECF pp. 18–22.) The LIR notes, *inter alia*, the note amount, balance due, note date, last paid date, and next payment due date. (*Id.*) While the LIR states that the last paid date is October 9, 2008, and that the balance due is $108,801.24, the LIR itself is undated and does not note anywhere that the loan was in default as of January 1, 2014. (*Id.*) The records contained in the Ocwen File span from May 2007 to July 2013, with a service release date noted as February 20, 2012, indicating that was the date the loan servicer ceased service on the loan. (*See* Def.'s Mem., ECF No. 98, at 14 n.2; Nonparty Ocwen Financial Corp.'s Resp., ECF No. 97-10, at ECF pp. 22, 24; *see also* Tr. of Dep. of Benjamin Verdooren, ECF No. 97-11, at 40:23–41:3.)

During the February 8, 2024 motion hearing, the Court asked counsel for Windward Bora "what evidence [is there] in the summary judgment record" to establish that no payments were received between 2012 and 2014, evidencing that the default status continued through the Default Date. (Tr. of Mot. Hr'g, ECF No. 105, at 22:18–25.) Counsel identified the Loan Information Record as the "payment histories that [Windward Bora] received from the subsequent [servicers] and owners of the loan." (*Id.* at 23:7–14.) Upon review of the Loan Information Record, however, it is not

10

clear that this document establishes default as of the Default Date due to a temporal gap in the records and questions regarding what the records show.[3]

Moreover, even Windward Bora's statement of material facts does not clearly establish that a default exists as of the Default Date alleged in the complaint. In Plaintiff's Rule 56.1 Statement, Windward Bora stated that a default existed as of August 1, 2008, and that "Defendant has never provided any evidence that the default was ever cured." (Pl.'s R. 56.1 Statement, ECF No. 97-1, ¶¶ 6, 8.) However, to establish a *prima facia* case of foreclosure, it is the *plaintiff's* burden, not the defendant's, to establish a default — if established, the burden *then* shifts to the defendant. *See Gustavia Home, LLC*, 321 F. Supp. 3d at 414–15. Windward Bora cannot rely on the absence of evidence provided by the Defendant to meet its own *prima facie* burden.

"[W]here the movant 'fail[s] to fulfill its initial burden' of providing admissible evidence of the material facts entitling it to summary judgment, summary judgment must be denied . . . ." *Giannullo v. City of New York*, 322 F.3d 139, 140–41 (2d Cir. 2003) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158, 160 (1970)). This is because it is the movant's burden to establish all critical elements of the case. *See Adickes*, 398 U.S. at 158 ("Given these unexplained gaps in the materials submitted by [movant], we

---

[3] During the motion hearing, Defendants also raised questions regarding the admissibility of the LIR under the business records exception to the rule against hearsay. (Tr. of Mot. Hr'g, ECF No. 105, at 24:7–16 ("[Mr. Devico] didn't generate [the LIR, h]e doesn't know who put the information in, [or] when they put the information in. . . . [W]hen questioned during his deposition, all he was able to explain about it was [that] he received it from the prior owner.").) Based on the summary judgment record as proffered by Windward Bora, it is not clear whether the LIR will be admissible at trial for the truth of the matters stated therein. (*See id.* at 31:8–20 (admitting that there is no proponent in the summary judgment record testifying or affirming as to the creation of exhibit four); *see also* Def.'s Mem., ECF No. 98, at 16–18 (identifying bases for potential impeachment of Yonel Devico, presently the sole affiant as to the LIR).) However, as the Court finds that even considering the LIR, Plaintiff is not entitled to summary judgment, it need not and does not reach the issue of whether the LIR would be admissible at trial at this juncture.

conclude that [movant] failed to fulfill its initial burden of demonstrating . . . a critical element in this aspect of the case . . . ."). Here, the mortgage records proffered by Windward Bora have gaps in the timeline, and there are questions about the amount due on the mortgage and what the mortgage records show. Accordingly, the record on summary judgment does not establish the absence of material facts in dispute; rather, the Court concludes that there are questions of fact for trial.

## CONCLUSION

For the reasons stated herein, the Court finds that Plaintiff has not shown that there is no genuine dispute as to any material fact such that it would be entitled to judgment as a matter of law. Plaintiff's motion for summary judgment is therefore denied.

**SO ORDERED.**

Dated:  Brooklyn, New York
           March 8, 2024

_Taryn A. Merkl_
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE

12