# RICHLAND & FALKOWSKI, PLLC
### ATTORNEYS AT LAW

| QUEENS COUNTY OFFICE: | ORANGE COUNTY OFFICE: | PHONE: (212) 390-8872 |
|---|---|---|
| 28-07 JACKSON AVE 5TH FL | 5 FAIRLAWN DRIVE, SUITE 204 | FAX: (212) 390-8873 |
| LONG ISL. CITY, NY 11101 | WASHINGTONVILLE, NY 10992 | EMAIL: drichland@rflegal.net |

November 8, 2024

<u>Via Electronic Filing</u>
Hon. Magistrate Judge Tanya A. Merkl
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  RE: *FTS Capital, LLC v. Stuyvesant Construction Corp.*
    Docket No.: 19-cv-7275(DLI)(CLP)
    **Response to Plaintiff's Letter dated November 8, 2024**

Your Honor:

  I represent Defendant Stuyvesant Construction Corp. in the above referenced matter. I write this letter in response to the Plaintiff's letter dated November 8, 2024.

  As a general matter, I am not responding to any *ad hominem* attacks on the undersigned, which is the majority of the Plaintiff's response, unless directly relevant to the issues here. If the Court wishes me to do so, I will, but those attacks are clearly an attempt to distract from the law and facts and obscure the fact that Plaintiff does not have good cause or compelling circumstances for the virtual testimony of Yonel Devico on December 3, 2024.

  As noted in my prior opposition letter, FRCP 43 mandates in-person testimony except when the movant demonstrates good cause and compelling circumstances for virtual testimony, in this case of Benjamin Verdooren and Yonel Devico, the Plaintiff's two witnesses. Absent such good cause or compelling circumstances, a party's choices dwindle to (i) in-person testimony, (ii) not calling the witness, or (iii) introducing their deposition testimony, if the witness is unavailable for reasons given in the statute.

  "The most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place." *Medina v. Angrignon*, 2024 WL 108669 (WDNY January 10, 2024) (citing Advisory Committee on the Federal Rules of Civil Procedure). It is noteworthy that neither of the reasons Plaintiff has now expounded are "unexpected."

  First, Plaintiff claimed that the cost of travel expenses for Devico and Verdooren would be "excessive for Plaintiff." ECF Dkt. No. 117. This claim was utterly unsupported by any evidence, such as the cost for the flights or hotel rooms, or even a supporting declaration by Plaintiff. *Id.;*

*Freeman v. Jacobson,* 2022 WL 2657170 (SDNY July 8, 2022) ("Plaintiff has not substantiated his request with any sworn affidavits or medical documentation that demonstrate that Ms. Lynn's condition inhibits her ability to travel"); *Radosti v. Hudson's Bay Company,* 2022 WL 2119299 (SDNY May 4, 2022) (same). After challenge by Defendant, Plaintiff has now abandoned that argument in favor of the present one, that Devico's "childcare" commitment prevents him from testifying.

Yet again, Plaintiff does not substantiate this claim by any evidence, such as a declaration, that (i) Devico is a single parent, (ii) that Devico cannot obtain child care, or (iii) Devico cannot testify. *Freeman,* 2022 WL 2657170. Moreover, Devico's "child care" issue would seem to be of the type or kind that is routine and regular, faced by millions of Americans daily, and not "unexpected." Indeed, the December 3, 2024 trial date has been in place since August 13, 2024, and this request arises more than 30 days prior to trial, seemingly more than adequate time to secure child care. Assuming arguendo that Devico is a single parent[1], millions of working Americans in similar situations manage to testify and appear at court appearances when called to do so. And those Americans lack Devico's allegedly substantial resources: "The company has acquired a substantial number of loans with a considerable total UPB (Unpaid Principal Balance) value". [About Us | Crosby Capital Usa](About Us | Crosby Capital Usa). Or Devico's flexible hours and schedule as a self-employed entrepreneur and real estate broker. The absence of a declaration from Devico's wife/ex-wife, purportedly an attorney, is telling. Ultimately, Plaintiff's claims are yet again entirely unsubstantiated by anything that could pass for evidence and, thus, cannot establish both good cause and a compelling circumstance to justify virtual testimony.

Indeed, Plaintiff's letter does not even attempt to meet either standard, preferring to conclusorily claim that this might constitute "extenuating circumstances." Extenuating circumstances are presumably some lower standard than compelling circumstances.

Regardless, as a matter of law, "…caretaking responsibilities do not constitute a compelling circumstance permitting remote witness testimony." *Freeman*, 2022 WL 2657170 (citing *Radosti*, 2022 WL 2119299, at *2 n. 3). Pertinently here, Judge Broderick, in the Southern District of New York noted in *Radosti*, "Defendants do not point to, and I do not find, any controlling case law permitting remote witness testimony pursuant to [FRCP 43(a)] based solely on caretaking responsibilities." *Radosti*, 2022 WL 2119299, FN 3. Clearly, Plaintiff was unable to find any either, as none is cited.

Previously, I noted the policy underlying FRCP 43(a) and its strong preference for in-person testimony. I also noted the substantial prejudice to Defendant and this Court from excusing the Plaintiff's witness from in-person testimony in favor of remote testimony. Plaintiff has not addressed either point today. Defendant maintains these points and continues to object to remote testimony by Devico.

---

[1] Devico was married at his deposition. It is always possible that he is in the process of divorce or separation, but there is no evidence in the record one way or the other.

I also previously noted that Plaintiff has a ready option at hand if Devico is actually unavailable: submission of his deposition testimony. FRCP 32(a). Defendant does not dispute that Plaintiff would easily be able to show "unavailability" to utilize FRCP 32(a) since Devico apparently lives in Florida, which is more than 100 miles from the court. As noted previously, that is the appropriate remedy for an unavailable witness – not remote testimony. *See, e.g. Radosti*, 2022 WL 2119299, at *3. Defendant has no objection to the Court declaring Devico unavailable and directing the use by Plaintiff of his deposition transcript at trial, where Defendant had the opportunity to properly cross-examine Devico.

It is also noteworthy that this problem, as to Devico, is entirely the result of Devico's own conduct. Specifically, Windward Bora, LLC was the original plaintiff in this action, indicated its potential witnesses on its initial disclosures pursuant to Rule 26(a), and produced only one witness for examination. If the Plaintiff were still Windward Bora, LLC, it could hardly be heard to complain about its own inability to produce its own principal for trial and remote testimony would not even be considered as an option here. Prior to the most recent summary judgment motion, Windward Bora, LLC, i.e. Devico, sold this loan for an unknown and undisclosed sum to the current Plaintiff. Plaintiff's counsel remained Hasbani & Light, however. It seems incredible that Plaintiff did not anticipate this matter might proceed to trial or obtain assurances from Devico that he would testify at trial as part of the loan sale. Hence, Devico is a "non-party" in only the most illusory of senses. He, in fact, *is* a party witness who only became a non-party witness by virtue of his sale of this loan *pendente lite*, after he had already made himself the only possible fact witness for Plaintiff. Moreover, Devico is aware that he has previously given false testimony and will be confronted with the same during this trial, if he appears. As noted previously, the prejudice to Defendant in, essentially, having to present documents remotely would be substantial. Under those unique circumstances, he is not a "true" non-party, but rather one by choice. I urge the Court to consider these unique circumstances in considering whether Plaintiff has set forth "good cause" and "compelling circumstances" with respect to his requested virtual testimony. The Plaintiff has not established even the beginnings of good cause or compelling circumstances and, thus, Plaintiff's request as to virtual testimony under FRCP 43(a) must be denied.

Two final matters require minimal discussion. As I understand from Plaintiff's letter, Verdooren is unable to testify on December 3, 2024. Given Mr. Verdooren's testimony during his deposition – and his lack of knowledge as to this loan on the date of default or principal balance – it is respectfully submitted that his testimony could likely be substituted by his deposition testimony under FRCP 43(a) if he is unable to testify on December 3, 2024. To be clear, I am not clear on what relevant testimony Mr. Verdooren can or would provide beyond his existing deposition testimony. I look forward to discussing the same on November 19, 2024.

It may be that the easiest remedy for Plaintiff's difficulties with witnesses is an adjournment at Plaintiff's request. Defendant is ready to proceed on December 3, 2024, but if Plaintiff still needs to get witnesses in order, rather than wasting two days of this Court's time, it may be preferable to select a future trial date amenable to Plaintiff's twin witnesses. Defendant would not oppose such a request if that were the Court's preference.

I thank the Court for its kind consideration and attention to this matter.

Very truly yours,

Daniel H. Richland, Esq.